**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Compass Mechanical Services, Ltd. | ) | Case No. 09-47131 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Judge Eugene R. Wedoff |
| | ) | |
| | ) | Hearing: 02/09/2010 at 9:30 am |

NOTICE OF MOTION

To:   See attached service list

PLEASE TAKE NOTICE that on February 9, 2010 at 9:30 a.m., the undersigned will appear before the Honorable Eugene R. Wedoff, Bankruptcy Judge, in Courtroom 744, Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois the Bankruptcy Court for the Northern District of Illinois, Eastern Division, and shall then and there present DEBTOR'S' MOTION FOR SANCTIONS PURSUANT TO 11 U.S.C. §362 (h) AGAINST BOARD OF TRUSTEES of the PIPE FITTERS RETIREMENT FUND, LOCAL 597 AND OTHER PLAINTIFFS IN CASE NO. 09-C-5080, a copy of which is enclosed herewith and served upon you.

                                         ____/s/ Michael V. Ohlman____


Forrest L. Ingram, #3129032
Michael V. Ohlman # 6294512
FORREST L. INGRAM, P.C.
79 W. Monroe St., Suite 900
Chicago, IL  60603
(312) 759-2838

CERTIFICATE OF SERVICE

I, Michael V. Ohlman, an attorney, certify that I have served a true and correct copy of the above and foregoing notice and the documents to which it refers on those whose names appear on the attached services list by electronic case filing, or by email, as indicated on the list, on February 4, 2010.


                                         ____/s/ Michael V. Ohlman____

1

## SERVICE LIST

**VIA EMAIL**

**Compass Mechanical Services, Ltd.**

**By ECF Notice and Email:**

**Board of Trustees of the Pipe Fitters Retirement Fund, Local 597,**
**Board of Trustees of the Pipe Fitting Council of Greater Chicago,**
**Board of Trustees of the Pipe Fitters' Individual Account and 401(K) Plan,**
**The Pipe Fitters' Association, Local 597 U.A.,**
**Board of Trustees of the Pipe Fitters Training Fund, Local 597**
**and Board of Trustees of the Pipe Fitters Welfare Fund, Local 597**
c/o Johnson & Krol, LLC
300 S. Wacker Drive, Suite 1313
Chicago, IL 60606
william@johnsonkrol.com
mallon@johnsonkrol.com
jeffkrol@johnsonkrol.com

**By ECF Notice:**

**William T. Neary**
**Office of the U.S. Trustee, Region 11**
219 S. Dearborn, 8th Floor
Chicago, IL 60602
USTPRegion11.ES.ECF@usdoj.gov

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Compass Mechanical Services, Ltd. | ) | Case No. 09-47131 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Judge Eugene R. Wedoff |
| | ) | |
| | ) | Hearing: 02/09/2010 at 9:30 am |

**DEBTOR'S' MOTION FOR SANCTIONS PURSUANT TO  11 U.S.C. §362 (h)
AGAINST BOARD OF TRUSTEES of the PIPE FITTERS RETIREMENT
FUND, LOCAL 597 AND OTHER PLAINTIFFS IN CASE NO. 09-C-5080**

NOW COMES Debtor and Debtor in Possession, COMPASS MECHANICAL SERVICES, INC. ("COMPASS") by and through its attorneys at FORREST L. INGRAM, P.C., and for its Motion for Sanctions for a willful violation of 11 U.S.C. § 362 against Board of Trustees of the Pipe Fitters Retirement Fund, Local 597, Board of Trustees of the Pipe Fitting Council of Greater Chicago, Board of Trustees of the Pipe Fitters' Individual Account and 401(K) Plan, The Pipe Fitters' Association, Local 597 U.A., Board of Trustees of the Pipe Fitters Training Fund, Local 597 and Board of Trustees of the Pipe Fitters Welfare Fund, Local 597, (collectively, "LOCAL 597") and its attorney, Jeffery Krol, states as follows:

**FACTS AND BACKGROUND**

1.  On December 14, 2009, COMPASS filed its Chapter 11 petition for protection under Title 11 of the United States Code.

2.  COMPASS's petition included its list of 20 largest unsecured claims.  (See docket No. 1). The Bankruptcy Clerk then sent a notice of COMPASS's bankruptcy to the creditors with a warning that the automatic stay is in effect.  More specifically, "the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's

1

property…If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized." (See group Exhibit A).

3. LOCAL 597 was listed as one of COMPASS's 20 largest unsecured creditors and as such, the Clerk of the Bankruptcy Court sent the notice of the bankruptcy petition to LOCAL 597. On January 5, 2010, Joseph Mallon and William Callinan filed their appearance on behalf of LOCAL 597 in the bankruptcy proceeding. On January 19, 2010, Jeffery Krol filed his appearance on behalf of LOCAL 597. (See Docket Nos. 9, 10 and 21)

4. LOCAL 597 is considered a creditor because it initiated proceedings in the Northern District of Illinois to collect amounts allegedly due and owing by the Debtor pursuant to a collective bargaining agreement. The case is captioned, *Board of Trustees of the Pipe Fitters Welfare Fund, Local 597 et. al v. Compass Mechanical Services, Inc., et. al.*, No. 09-C-05080 (hereinafter, "District Court Case")

5. On January 22, 2010, LOCAL 597 filed a suggestion of bankruptcy in the District Court Case. (See District Court Case, Docket No. 13 )

6. Counsel for LOCAL 597 has been present in court each time the bankruptcy matter has been on the Court's calendar. In fact, LOCAL 597 was also present at the § 341 Conference that took place on January 21, 2010.

7. On January 26, 2010, counsel for COMPASS presented an agreed order for the entry of a cash collateral order. LOCAL 597 objected to its entry asserting that it was entitled to adequate assurance payments or in the alternative that the automatic stay should be modified because LOCAL 597 allegedly holds a junior lien on accounts receivables. The Court denied LOCAL 597's motion and explained to LOCAL 597's counsel the proper steps to bring a motion from

2

relief from stay or a motion for a rehearing. The Court also entered the agreed cash collateral order over LOCAL 597's objections. (See Docket Nos. 38 and 39).

8. Unbeknownst to COMPASS, LOCAL 597 immediately filed a motion to amend its complaint District Court Case. (See Exhibit B, District Court Case Docket No. 16, 17)

### LEGAL STANDARD: MOTION FOR § 362 SANCTIONS

9. The filing of a bankruptcy petition triggers an immediate automatic stay. The stay "is a statutory injunction against efforts outside of bankruptcy to collect debts from a debtor who is under the protection of the bankruptcy code." 11 U.S.C. § 362 (2009); *Aiello v. Providian Fin. Corp.*, 239 F.3d 876, 878 (7th Cir. 2001). It operates as a stay to "the commencement or continuation … of a judicial, administrative, or other action proceeding against the debtor…" and it remains in effect until the case is closed, dismissed or discharged. 11 U.S.C. § 362(a) (2009), *In re Lancelot*, 408 B.R. 167, 171 (Bankr. N.D. Ill. 2009).

10. The automatic stay is among the most basic of the debtor protections under bankruptcy law because it "gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), *See Midlantic Nat'l Bank* v. *New Jersey Dep't of Envtl. Protection*, 474 U.S. 494, 503, 88 L. Ed. 2d 859 (1986).

11. When determining whether a creditor violated the automatic stay by making a claim against the estate, courts look to the statute with a very broad eye and with very few exceptions.[1] As Congress reasoned, the term claim "contemplates all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy. It permits the broadest

---

[1] See, 11 U.S.C. § 362(b) for a list of exceptions.

3

possible relief in the bankruptcy court." H. R. Rep. No. 595, 95th Cong., 1st Sess. 309 (1977), S. Rep. No. 989, 95th Cong., 2d Sess. 21-22 (1978).  Therefore, the automatic stay provision "prevents all prepetition creditors from taking any actions to collect their debts." *Vitreous*, 911 F.2d 1223, 1231 (7th Cir. 1990).

12. The stay is so important that Congress enacted statutory penalties when a creditor willfully disregards § 362 and attempts to recover a prepetition claim through the continuation of litigation or other proceedings.  See, 11 U.S.C. § 362(k)

13. The penalties for a willful violation of the stay are that the Debtor may "recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."  11 U.S.C. § 362(k)(1) (2009) [2]

14. To further define, a willful violation of the stay does not require specific intent to violate the stay, only that the creditor engages in conduct that violates the automatic stay after they have knowledge that a bankruptcy petition had been filed.  In fact, a violation is willful even if the creditor believed the violative actions were justified. *Price v. United States*, 42 F.3d 1068, 1071, Bankr. L. Rep. (CCH) P76,305 (7th Cir. 1994), *In re Roete*, 936 F.2d 963, 965, Bankr. L. Rep. (CCH) P74,116 (7th Cir. 1991), *In re Crome*, 2008 Bankr. LEXIS 3854 (Bankr. N.D. Ill. 2008), *In re Halas*, 249 B.R. 182, 191 (Bankr. N.D. Ill. 2000).  Thereafter, "it can be considered a

---

[2] See, *Paloin v. Grupo Serla S.A. de C.V.*, 351 B.R. 529, 60 U.C.C. Rep. Serv. 2d (Callaghan) 1133 (Bankr. N.D. Ill 2006) Finding that "while courts are divided over whether a trustee may recover damages under § 362([k]), a trustee can certainly recover damages in the exercise of this Court's civil contempt and equitable powers. 'A bankruptcy trustee not entitled to recover damages under 11 U.S.C. § 362([k]) may nonetheless recover damages in the form of costs and attorneys' fees under 11 U.S.C. § 105(a) as a sanction for ordinary civil contempt." (citations omitted).  Thus, if the Court finds that the trustee may not recover under § 362(k), COMPASS seeks recovery based on the Court's equitable powers.

4

willful violation of the stay subjecting the creditor to liability for damages under section 362."

*Id.*[3]

15. Congress saw fit to exempt some actions from the automatic stay, but Courts construe them vary narrowly due to the important policy behind the stay. One such exception is for ministerial acts a court may take to place a matter on the bankruptcy calendar or dismiss a case. 11 U.S.C. § 362(b). The First Circuit clearly outlined those exceptions in stating, "when an official's duty is delineated by, say, a law or a judicial decree with such crystalline clarity that nothing is left to the exercise of the official's discretion or judgment, the resultant act is ministerial. Such acts can usefully be visualized as the antithesis of judicial acts, inasmuch as the essence of a judicial act is the exercise of discretion or judgment." *Soares v. Brockton Credit Union*, 107 F.3d 969, 974, Bankr. L. Rep. (CCH) P77,333 (1st Cir. 1997).

## LEGAL ARGUMENT

### A. LOCAL 597'S CONTINUATION OF LITIGATION TO COLLECT A PREPETITION DEBT IS A WILLFUL VIOLATION OF 11 U.S.C. § 362

16. LOCAL 597 willfully violated the automatic stay when it continued to advance the District Court Case while COMPASS is still protected by the automatic stay provision contained in the bankruptcy code.

17. On January 26, 2010, LOCAL 597 filed its Motion to Amend the Complaint, attaching to it a copy of the proposed amended complaint. (See Exhibit B) LOCAL 597 addressed the motion to attorneys for COMPASS and the notice contained a date LOCAL 597 intended on presenting the motion to the District Court. After giving a two-day notice, counsel for LOCAL 597 appeared before Judge Zagel and presented its Motion to Amend the Complaint.

---

[3] "Ignorance of bankruptcy law does not excuse anyone involved in a willful violation." *In re Sumpter*, 171 B.R. 835, 845 (Bankr. N.D. Ill. 1994).

5

18. This act was a willful continuation of the collection proceeding in violation of 11 U.S.C. § 362(a)(1).

19. Congress designed the stay to give the debtor a period to breathe, but instead LOCAL 597's motion began a series of events that cost COMPASS resources necessary for reorganization. For instance, LOCAL 597 filed its motion to amend the complaint in the District Court Case and notified COMPASS's non-bankruptcy counsel, only. COMPASS's non-bankruptcy counsel then notified COMPASS of the pending motion. COMPASS now had to act as a messenger to notify their bankruptcy counsel and to organize the two firms to determine how to proceed. It was decided that bankruptcy counsel must become involved in the District Court Case in order to protect the assets of the estate. COMPASS's bankruptcy counsel then had to review the pleadings and prepare for and be present in court for LOCAL 597's motion. In Court COMPASS's attorneys warned LOCAL 597 of their liability under § 362(k) but LOCAL 597 refused to withdraw their motion to amend the complaint. The District Court Judge entered and continued the motion awaiting any ruling from the Bankruptcy Court. (See, Exhibit C, District Court Case Docket No. 18). Now, COMPASS must determine if a response is needed to protect the remaining assets of the estate from any potential action against the corporation or if the motion is void. However, each of these steps are draining assets of the estate and is the exact behavior § 362 aims to prevent

20. The motion to amend was nothing more than a continuation of LOCAL 597's practice of seeking to exhaust the resources of the Debtor's estate for its own gain or an effort to pressure COMPASS into negotiations to the detriment of all unsecured creditors.[4]

---

[4] See LOCAL 597's motion to prevent the estate from using cash collateral even after the first priority lien holder had filed its motion seeking the same relief. (Docket No. 22)

6

21. Even if LOCAL 597 claims that the amended complaint is a small violation, with no repercussions going forward, such a claim is untrue. LOCAL 597's motion sought to add additional parties and claims after COMPASS had already filed its answer. (See 09-C-05080, docket entry #11) As stated above, some ministerial actions are exempted from § 362, however; amending a complaint requires the exercise of judicial discretion. Fed. R. Civ. Pro. 15 (2009) ("A party may amend the party's pleading once as a matter of course, at any time before a response … Otherwise a party may amend the party's pleading only by leave of court.")

22. If the Court were to grant the motion to amend, COMPASS would be required to file a "response to the original pleading or within 10 days after service of the amended pleading". Fed. R. Civ. Pro. 15 (2009).  There is no question that when LOCAL 597 filed a pleading in the District Court Case, it was a continuation of the suit to collect prepetition debt, especially since it would require COMPASS's attorneys to file an appearance, to answer the amended complaint, and continue to appear in the District Court Case.

23. LOCAL 597's actions intend to force the debtor to engage counsel in order to represent its interest against prepetition debts – even while COMPASS is protected by the bankruptcy code. The continuation of the District Court proceeding is a willful violation of the automatic stay.

   **B. LOCAL 597'S AMENDED COMPLAINT IS AN ACTION AGAINST THE CORPORATION IN WILLFUL VIOLATION OF § 362**

24. LOCAL 597 is continuing to willfully violate the automatic stay because it is seeking to add additional counts to the District Court Case that affect the debtor and estate. While LOCAL 597 purports to bring an action for "piercing the corporate veil" against an officer of the corporation, Illinois law clearly recognizes that it is actually an action against both the officer(s) and the corporation.

7

25. In Illinois,[5] a complaint to pierce the corporate veil is an action to render the corporation a nullity. It acts so that the "corporate entity will be disregarded" and as such is an action against the corporation. *Gallagher et. al. v. Reconco Builders, Inc.*, 91 Ill. App. 3d 999, 1005, 415 N.E.2d 560 (1st Dist. 1980).

26. One must look no further than the elements of the action to find that the motion to amend is an action directly against COMPASS. Among the factors for piercing the corporate veil are such things as: "inadequate capitalization, failure to issue stock, failure to observe corporate formalities, nonpayment of dividends, insolvency of the debtor corporation at the time, nonfunctioning of other officers or directors, absence of corporate records and whether the corporation is a mere façade for the benefit of a dominant stockholder; in addition, in the absence of fraud, the particular situation must generally present an element of injustice or fundamental unfairness." *Id*.

27. Further, and just as important, in order to pierce the corporate veil a debtor-creditor relationship must exist. This principle is bolstered by the general reason behind the adoption of "alter ego" causes of action – to hold individual shareholders personally liable for a debt in order to secure a just determination in equity. *Koch v. Farmers Union Central Exchange, Inc.*, 831 F.2d 1339, 1344, Bankr. L. Rep. (CCH) P72, 009 (7th Cir. 1987) also see, *Gallagher et. al.* 791 F.2d at 1004. (Only when the veil of limited liability is an obstacle to the protection of private rights should the veil be disregarded.). It only stands to reason that for a remedy to be available in equity, a corporation must owe a debt that it is unable to pay.

---

[5] Federal Bankruptcy Courts look to the substantive state law to determine the elements needed to plead an alter ego claim. *In re Kaiser*, 791 F.2d 73, 76 (1986).

8

28. Lastly, LOCAL 597's "additional count" to pierce the corporate veil implies that COMPASS does not exist, and so it cannot be a debtor. Again, this is a claim attacking the viability of the debtor and these actions are only properly heard by the bankruptcy court.

29. LOCAL 597 is attempting to pierce the corporate veil and hold officers of the corporation personally responsible for the debts of the corporation. However, the debts COMPASS listed are still in dispute and are unsecured. By attempting to pierce the corporate veil, LOCAL 597 is implicitly claiming that the debt is valid and collectable and that COMPASS is not an entity. This action on the part of LOCAL 597 is a willful violation of the automatic stay.

### C. ALTERNATIVELY, LOCAL 597 IS WILLFULLY VIOLATING THE AUTOMATIC STAY BY SEEKING TO RECOVER ASSETS OF THE ESTATE

30. Lastly, LOCAL 597 willfully violated the automatic stay by attempting to recover assets that properly belong to the estate.

31. "The Bankruptcy Code prohibits third parties from performing any action to obtain possession of property belonging to the estate." *In re Lancelot*, 408 B.R. 167, 171 (Bankr. N.D. Ill. 2009)(citing 11 U.S.C. §§ 704(a), 362(a)(3)), *Dana Mold Products, Inc. v. Brodner*, 58 B.R. 576, 580 (Bankr. N.D. Ill. 1986)("Creditors may not maintain an action against corporate fiduciaries where the creditor is harmed only indirectly, and has sustained an injury in common with other creditors.") However, LOCAL 597's attempt to pierce the corporate veil is a direct assault on assets of the estate and an attempt to usurp the Debtor in Possession of its role as the trustee. 11 U.S.C. §§ 541, 544 (2009).

32. Pursuant to Federal Rule of Bankruptcy 6009, the trustee has the sole authority to file suit (or decline to bring an action) to reach property of the estate, including potential causes of action that the debtor may have against third parties for corporate mismanagement or fraud. *In re*

9

*Lancelot*, 408 B.R. 167, 171 (Bankr. N.D. Ill. 2009), *Koch*, 831 F.2d at 1347.  In fact, a bankruptcy trustee, or Debtor in Possession, has the sole authority to bring general claims on behalf of the estate.  "In this respect, the bankruptcy estate is defined as all legal or equitable interests of the debtor in property as of the commencement of the case." *In re Teknek*, 563 F.3d 639, 646, 51 Bankr. Ct. Dec. 156 (7th Cir. 2009).  These claims include any tangible and intangible property as defined in § 541 of the bankruptcy code, including suits to "pierce the corporate veil."  *Id.*, *Koch v. Farmers Union*, 831 F.2d 1339 (7th Cir. 1987),

33.   LOCAL 597's motion to amend its complaint and "proposed amended complaint" seeks to prosecute an action against the principals of COMPASS for "operating COMPASS for [the vice-president's] sole benefit to the detriment of [LOCAL 597] and other creditors."  (see Exhibit B).  Even if proved true, this count is not a personal injury to LOCAL 597 and is therefore a general claim, common to all creditors.  LOCAL 597 is not authorized to file such an action and seeking recovery based on this theory is deemed an action to obtain possession of property belonging to the estate.

34.   Clearly, LOCAL 597's attempt to pierce the corporate veil and recover property of the estate is a willful violation of the automatic stay.

## CONCLUSION

35.   As a result of LOCAL 597's willful violation of the automatic stay, COMPASS is entitled to actual damages, attorney's fees, and costs.  See, *Price v. United States*, 42 F.3d 1068 (7th Cir. 1994), *In re Alfred Fridge*, 239 B.R. 1825, 190 (N.D. Ill. 1999), *In re Shade*, 261 B.R. 213, 217 (Bankr. N.D. Ill. 2001)("Award of attorney's fees follows an award of damages for the violation of the automatic stay almost as a matter of course.")

36. COMPASS is also entitled to an award of punitive damages under § 362(k) because the willful violation of the stay was reckless, vexatious and without provocation. See, *Paloin v. Grupo Serla S.A. de C.V.*, 351 B.R. 529, 60 U.C.C. Rep. Serv. 2d (Callaghan) 1133 (Bankr. N.D. Ill 2006), *In re Sumpter*, 171 B.R. 835, 845 (Bankr. N.D. Ill. 1994)(Punitive damages are awarded for both punitive and deterrent purposes.).

37. Consequently, COMPASS is entitled to actual damages, attorney's fees and costs in resolving and in prosecuting this motion. Further, COMPASS is entitled to punitive damages in the amount of at least $20,000 to punish LOCAL 597 for its egregious conduct and also to guard against what the Court stated was akin to "walking all over the bankruptcy code."

WHEREFORE, Debtors respectfully request that this Honorable Court enter an order granting its Motion for Sanctions pursuant to 11 U.S.C. § 362(k) against Board of Trustees of the Pipe Fitters Retirement Fund, Local 597, Board of Trustees of the Pipe Fitting Council of Greater Chicago, Board of Trustees of the Pipe Fitters' Individual Account and 401(K) Plan, The Pipe Fitters' Association, Local 597 U.A., Board of Trustees of the Pipe Fitters Training Fund, Local 597 and Board of Trustees of the Pipe Fitters Welfare Fund, Local 597, jointly and severally, for violating the automatic stay. The Debtor also requests that this matter be set for a prove-up of damages, and such other and further relief this Honorable Court may deem just.

                        Respectfully submitted,
                        COMPASS MECHANICAL SERVICES, INC.

                        By:    /s/ Michael V. Ohlman
                              One of its attorneys

Forrest L. Ingram, #3129032
Michael V. Ohlman # 6294512
Phillip Groben
FORREST L. INGRAM, P.C.
79 W. Monroe St., Suite 900
Chicago, IL  60603
(312) 759-2838