## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES of the PIPE FITTERS RETIREMENT FUND, LOCAL 597; *et al.* ) | CASE NO. 09-C-5080 |
| Plaintiffs, ) | JUDGE: ZAGEL |
| vs. ) | MAGISTRATE JUDGE: DENLOW |
| COMPASS MECHANICAL SERVICES, INC., an Illinois Corporation; and RAUL ROMERO, an Individual. ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Now come Plaintiffs, the BOARD OF TRUSTEES of the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, *et al.,* by and through their attorneys, JOHNSON & KROL LLC, and move this Honorable Court for entry of an Order granting Plaintiffs Leave to file a First Amended Complaint, and in support of their Motion state as follows:

1. On or about August 18, 2009, Plaintiffs filed an initial Complaint in this matter against the above-captioned Defendants to collect unpaid contributions, settlement payments, audit deficiencies, auditor fees, liquidated damages, interest and attorneys' fees owed by the above-captioned Defendants to the Plaintiffs pursuant to the Collective Bargaining Agreement, the Settlement Agreement and Trust Agreements.

2. On or about August 29, 2009, copies of the Summons and Complaint were served on Defendant RAUL ROMERO ("ROMERO") by leaving a true copy of said documents with his wife, Annie Romero.

3. On or about September 2, 2009, copies of the Summons and Complaint were served on Defendant COMPASS MECHANICAL SERVICES, INC. ("COMPASS") by leaving a true

1

copy of said documents with COMPASS' registered agent, Joseph Matz.

4. On or about September 15, 2009, the Defendants COMPASS and ROMERO filed an answer to the Complaint with the Court as Docket Entry No. 11.

5. On or about December 14, 2009, the Defendant COMPASS filed for relief under Chapter 11 of Title 11 of the United States Code.

6. On or about December 22, 2009, the Plaintiffs filed a Suggestion of Bankruptcy as to COMPASS, but not ROMERO.

7. As part of COMPASS' reorganization effort, a principal officer was required to answer questions under oath at the Section 341 Meeting of Creditors as to its business operations for the years prior to its bankruptcy petition filing date.

8. Michael Wojciechowski appeared on behalf of COMPASS at the Section 341 Meeting of Creditors where he testified that he had continued to pay himself $1,900 per week while failing to pay the IRS and the Plaintiffs.

9. Accordingly, Plaintiffs believe and allege that Michael Wojciechowski operated COMPASS for his sole benefit to the detriment of the Plaintiffs and other creditors of COMPASS.

10. At the time Plaintiffs filed their Initial Complaint in this matter, they were unaware of Michael Wojciechowski's involvement in the operation of COMPASS.

11. Plaintiffs seek to amend the Complaint to allege the personal liability of Michael Wojciechowski under an alter ego and piercing the corporate veil theory of liability.

12. Leave to amend a pleading shall be freely given "when justice so requires." Fed.R.Civ.P. 15(a).

13. Factors that courts have considered in deciding whether to grant a party leave to amend a

pleading are undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies through previous amendments, undue prejudice to the opposing party and futility of the amendment. *See Comm. Money Center, Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327 (6th Cir. 2007).

14. In this case, the Plaintiffs did not become aware of Michael Wojciechowski's involvement in the operation of COMPASS until Michael Wojciechowski testified under oath at the Section 341 Meeting of Creditors.

15. After receiving the newly discovered information, Plaintiffs promptly moved for leave to file a First Amended Complaint adding the additional party.

16. Plaintiffs are merely acting on new information and are not bringing this Motion in bad faith. Nor will undue prejudice to the Defendants result by granting Plaintiffs leave to file a First Amended Complaint because COMPASS is no longer an active participant in the matter and because ROMERO has failed to respond to any of Plaintiffs' discovery requests.

17. Plaintiffs do not intend to pursue litigation against COMPASS but desire to retain the Court's jurisdiction to litigate the matter against COMPASS should the automatic stay be lifted.

18. A draft copy of the First Amended Complaint (without Exhibits) is attached hereto as Exhibit A.

WHEREFORE, Plaintiffs respectfully request this Honorable Court grant Plaintiffs leave to file a First Amended Complaint.

Respectfully Submitted,

**JOHNSON & KROL, LLC**

/s/ Jeffrey A. Krol – 6300262
One of Plaintiffs' Attorneys

Jeffrey A. Krol

**JOHNSON & KROL, LLC**
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
312-372-8587

4