## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES of the PIPE FITTERS ) <br> RETIREMENT FUND, LOCAL 597; ) <br> BOARD OF TRUSTEES of the PIPE FITTERS ) <br> WELFARE FUND, LOCAL 597; ) <br> BOARD OF TRUSTEES of the PIPE FITTERS ) <br> TRAINING FUND, LOCAL 597; the ) <br> BOARD OF TRUSTEES of the CHICAGO AREA ) <br> MECHANICAL CONTRACTING INDUSTRY ) <br> IMPROVEMENT TRUST; ) <br> THE PIPE FITTERS' ASSOCIATION, ) <br> LOCAL 597 U.A.; BOARD OF TRUSTEES ) <br> of the PIPE FITTERS' INDIVIDUAL ) <br> ACCOUNT and 401(K) PLAN; and ) <br> BOARD OF TRUSTEES of the PIPE FITTING ) <br> COUNCIL OF GREATER CHICAGO, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> COMPASS MECHANICAL SERVICES, INC., ) <br> an Illinois Corporation; and RAUL ROMERO, an ) <br> Individual, and ) <br> MICHAEL WOJCIECHOWSKI, an Individual, ) <br> ) <br> Defendants. ) | CASE NO. 09-C-5080 <br><br> JUDGE:  ZAGEL <br><br><br> MAGISTRATE <br> JUDGE:  DENLOW |

### **FIRST AMENDED COMPLAINT**

Now come Plaintiffs, the BOARD OF TRUSTEES of the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, *et al.,* by and through their attorneys, JOHNSON & KROL LLC, complaining of the Defendants COMPASS MECHANICAL SERVICES, INC. ("COMPASS"), RAUL ROMERO ("ROMERO") and MICHAEL WOJCIECHOWSKI ("WOJCIECHOWSKI") and allege as follows:

### **JURISDICTION AND VENUE**

1.  This action arises under Section 502 of the Employee Retirement Income Security Act

1

(hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act. The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, the PIPE FITTERS' WELFARE FUND, LOCAL 597, and the PIPE FITTERS' TRAINING FUND, LOCAL 597 ("TRUST FUNDS"), are administered at 45 North Ogden Avenue, Chicago, Illinois and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The Board of Trustees of the TRUST FUNDS, is authorized to administer the TRUST FUNDS, which receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the PIPE FITTERS ASSOCIATION, LOCAL UNION 597, U.A. ("UNION"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

4. The BOARD OF TRUSTEES of the CHICAGO AREA MECHANICAL CONTRACTORS INDUSTRY IMPROVEMENT TRUST ("INDUSTRY FUND") is authorized to administer the INDUSTRY FUND.

5. The BOARD OF TRUSTEES of the PIPE FITTING COUNCIL OF GREATER CHICAGO ("PFCGC") is authorized to administer the PFCGC.

6. The UNION is the bargaining representative of Defendant COMPASS' bargaining unit employees.

7. The Defendant COMPASS is an Illinois corporation with its principal place of business

2

located in St. Charles, Illinois.

8. ROMERO is the President and a shareholder of Defendant COMPASS.

9. WOJCIECHOWSKI is the Vice President and a shareholder of Defendant COMPASS.

10. The Defendant COMPASS petitioned the U.S. Bankruptcy Court for the Northern District of Illinois for relief under Chapter 11 of Title 11 of the United States Code.

11. Pursuant to 11 U.S.C. § 362, the Plaintiffs case against COMPASS is stayed while the automatic stay is in effect.

## COUNT I
## BREACH OF CONTRACT

12. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-11 of this Complaint with the same force and effect as if fully set forth herein.

13. COMPASS is an employer engaged in an industry affecting commerce which entered into a Subscription Agreement whereby it agreed to be bound by the provisions of the Collective Bargaining Agreement negotiated between the UNION and the Mechanical Contractors Association for all times relevant to this action. (A copy of the Subscription Agreement is attached as Exhibit 1); (A copy of the Collective Bargaining Agreement is attached as Exhibit 2).

14. Through the agreements referred to in paragraph 13, the Defendant COMPASS also became bound by the provisions of the Agreements and Declarations of Trust which created the Trust Funds (hereinafter referred to as the "Trust Agreements").

15. Pursuant to the provisions of the Collective Bargaining Agreement and the Trust Agreements, COMPASS is required to make monthly reports of hours worked by Covered Employees (hereinafter referred to as "monthly Contribution Reports") and pay contributions to the TRUST FUNDS, the INDUSTRY FUND and the PFCGC for each

3

hour worked pursuant to the Collective Bargaining Agreement at the negotiated rate. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

16. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the TRUST FUNDS on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

17. Pursuant to the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the INDUSTRY FUND on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

18. Pursuant to the Collective Bargaining Agreement, COMPASS is required to deduct UNION dues from its employee's paychecks (called wage work assessment) and remit payment of those dues to the UNION.

19. On or about December 6, 2007, Defendants COMPASS and ROMERO entered into a Secured Settlement Agreement with the TRUST FUNDS and the UNION for liability incurred during the period of November 1, 2006 through October 1, 2007. (A copy of the Settlement Agreement is attached as Exhibit 3.)

4

20. The Settlement Agreement requires COMPASS and ROMERO to payoff the principal balance of $60,687.15 in nine (9) monthly installments of $7,441.01 commencing on January 1, 2008, and continuing through September 1, 2008.

21. The Settlement Agreement further provides that COMPASS shall submit ongoing Contribution Reports and payments to the TRUST FUNDS and UNION in a timely manner throughout the duration of the Agreement.

22. The terms of the Settlement Agreement provide that ROMERO shall be individually liable for all of the obligations of COMPASS under the terms of the Agreement.

22. COMPASS and ROMERO have failed to submit monthly settlement payments for the months of June, July and August of 2008, resulting in unpaid payments in the amount of $18,178.03.

24. Due to their repeated failure to submit Settlement Payments in a timely manner, COMPASS and ROMERO currently owe the TRUST FUNDS $5,667.55 in unpaid liquidated damages and $1,655.96 in unpaid interest pursuant to the terms of the Settlement Agreement.

25. Defendant COMPASS has failed to submit ongoing contribution payments to the TRUST FUNDS and the UNION for the time period of May 2008 through June 2009 resulting in unpaid contributions in the amount of $90,743.86.

26. Due to COMPASS'S failure to submit Contribution Reports and payments in a timely manner, liquidated damages have been assessed in the amount of $12,402.93 and interest has accrued in the amount of $7,414.93, pursuant to the terms of the Collective Bargaining and Trust Agreements.

27. An audit conducted by Legacy Professionals, LLP on November 24, 2008, revealed that

5

COMPASS had underreported hours and failed to report all eligible employees resulting in contribution deficiencies in the amount of $30,698.10.

## COUNT II
## ALTER-EGO AND PIERCING THE CORPORATE VEIL

28. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-27 of this Complaint with the same force and effect as if fully set forth herein.

29. WOJCIECHOWSKI is the Vice-President of COMPASS and owns 45% of the outstanding shares of COMPASS.

30. WOJCIECHOWSKI recently testified at a Section 341 Meeting of the Creditors that COMPASS began experiencing financial difficulties during 2006 and that he continued to draw a pay-check in the amount of $1,900.00 per week (gross) for his role in the management of the company during the financial difficulties.

31. WOJCIECHOWSKI also testified that COMPASS, beginning in early 2008, began to use money that was set aside to pay COMPASS' Quarterly Tax Return for among other obligations, his weekly paycheck in the amount of $1,900.00 per week (gross).

32. Beginning in May 2008, COMPASS failed to make the required fringe benefit contributions to the Plaintiffs for hours worked by covered employees pursuant to the Settlement Agreement, Collective Bargaining Agreement and Trust Agreements.

33. From May 2008 to June 2009, WOJCIECHOWSKI continued to pay himself a weekly paycheck in the amount of $1,900.00 per week (gross).

34. WOJCIECHOWSKI testified that for the period of June through December 2009 that he continued to receive weekly paychecks in the amount of $1,900.00 per week (gross) with the exception of one or two paychecks every two months.

35. WOJCIECHOWSKI failed to provide for the adequate capitalization of COMPASS

6

because he used money he owed to the IRS and the Plaintiffs to provide for his own compensation.

36. WOJCIECHOWSKI continued to operate the business while it was insolvent, as shown by the list of COMPASS' assets and liability submitted as part of its relief under Chapter 11 of Title 11 of U.S. Code. (A copy of the bankruptcy submissions known as Schedules A to H are attached as Exhibit 4).

37. WOJCIECHOWSKI continued the operation of COMPASS from 2006 through December 2009 as a mere façade for his personal benefit, and therefore, there is such a unity of interest between COMPASS and WOJCIECHOWSKI that he should be considered the alter-ego of COMPASS.

38. Allowing WOJCIECHOWSKI to escape liability for the debts of COMPASS promotes injustice and inequitable consequences because WOJCIECHOWSKI operated the company for his sole benefit by taking money for his own compensation that should have been paid to the major creditors of the corporation, including the Plaintiffs.

39. Furthermore, an injustice would occur because WOJCIECHOWSKI used the money that should have been used to pay for the health and retirement benefits of COMPASS' employees (participants in the Plaintiffs' plans), to pay himself $1,900 a week.

40. WOJCIECHOWSKI is the alter-ego of COMPASS and should be held liable for COMPASS' debts to the Plaintiffs.

41. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from COMPASS, ROMERO and WOJCIECHOWSKI.

42. Plaintiffs have complied with all conditions precedent in bringing this suit.

43. COMPASS, ROMERO and WOJCIECHOWSKI are obligated to pay the reasonable

attorney's fees and court costs incurred by the Plaintiffs pursuant to the Settlement Agreement, Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs pray:

A. That Judgment be entered in favor of Plaintiffs and against Defendants COMPASS, ROMERO and WOJCIECHOWSKI, jointly and severally, in the amount of $25,501.59 for all contributions, liquidated damages and interest owed under the defaulted Settlement Agreement;

B. That Judgment be entered in favor of Plaintiffs and against Defendants COMPASS, ROMERO and WOJCIECHOWSKI, jointly and severally, in the amount of $110,561.72 for all unpaid contributions, liquidated damages and interest for the time period of January 2008 through December 14, 2009 pursuant to the terms of the Collective Bargaining Agreement, Trust Agreements and Section 502(g)(2) of ERISA;

C. That Judgment be entered in favor of Plaintiffs and against Defendants COMPASS, ROMERO and WOJCIECHOWSKI, jointly and severally, in the amount of $30,698.10 for all contributions revealed by the audit of November 24, 2008 and also in the amount of $2,512.65 for the auditor's fees in performing the audit;

D. That Judgment be entered in favor of Plaintiffs and against Defendants COMPASS, ROMERO and WOJCIECHOWSKI, jointly and severally, in the amount of $916.98 for all unpaid 401(k) liquidated damages and 401(k) interest for the time period of January through October of 2008;

E.    That Judgment be entered in favor of Plaintiffs and against Defendants COMPASS, ROMERO and WOJCIECHOWSKI, jointly and severally, for whatever contributions, liquidated damages and interest are found to be due and owing in addition to the amounts referenced in paragraphs A through D;

F.    That Defendants COMPASS, ROMERO and WOJCIECHOWSKI, jointly and severally, be ordered to pay the reasonable attorney's fees, audit fees, and costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D); and

G.    That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendants' cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

**JOHNSON & KROL, LLC**

/s/ Jeffrey A. Krol – 6300262
One of Plaintiffs' Attorneys

Jeffrey A. Krol
**JOHNSON & KROL, LLC**
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
312-372-8587

9