**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Compass Mechanical Services, Inc., | ) | Case No.: 09-47131 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Judge Eugene R. Wedoff |
| | ) | |

Compass Mechanical Services, Inc,

Movant,

    vs.

Board of Trustees of the Pipe Fitters Retirement Fund, Local 597;
Board of Trustees of the Pipe Fitters Welfare Fund, Local 597;
Board of Trustees of the Pipe Fitters Training Fund, Local 597;
Board of Trustees of the Chicago Area Mechanical Contracting Industry Improvement Trust;
Board of Trustees of the Pipe Fitters Individual Account and 401(k) Plan;
Board of Trustees of the Pipe Fitting Council of Greater Chicago;
The Pipe Fitters' Association, Local 597 U.A.;

Respondents.

---

<u>NOTICE OF FILING:</u>

TO:   Compass Mechanical Services, Inc., 165 Easy St., Carol Stream, IL 60188
      Mr. Forrest Ingram, via U.S Bankruptcy Court's CM/ECF System
      Mr. Michael Ohlman, via U.S Bankruptcy Court's CM/ECF System
      Mr. William Neary, via U.S Bankruptcy Court's CM/ECF System

     PLEASE TAKE NOTICE that on today's date, **Thursday, March 4, 2010,** I caused to be filed the attached **Respondents' Response to Debtor's Motion for Sanctions Pursuant to 11 U.S.C. § 362(h) Against Board of Trustees of the Pipe Fitters Retirement Fund, Local 597 and Other Plaintiffs in Case No. 09-C-5080** at the Everett McKinley Dirksen Building located at 219 South Dearborn Street, Chicago, Illinois 60604, copies of which are hereby served upon you.

**JOHNSON & KROL, LLC**

<u>/s/ Joseph E. Mallon - 6280529</u>
One of Respondents' Attorneys

Joseph E. Mallon
**JOHNSON & KROL, LLC**
300 South Wacker Drive, Suite 1313

Chicago, Illinois 60606
312-372-8587

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on March 4, 2010, he served a copy of the above **Notice of Motion** and **Respondents' Response to Debtor's Motion for Sanctions Pursuant to 11 U.S.C. § 362(h) Against Board of Trustees of the Pipe Fitters Retirement Fund, Local 597 and Other Plaintiffs in Case No. 09-C-5080** via e-mail to all parties by operation of the Court's electronic CM/ECF filing system or by regular U.S. Mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

**JOHNSON & KROL, LLC**

<u>/s/ Joseph E. Mallon - 6280529</u>
One of Respondents' Attorneys

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Compass Mechanical Services, Inc., | ) | Case No.: 09-47131 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Judge Eugene R. Wedoff |
| | ) | |

Compass Mechanical Services, Inc,

                 Movant,

    vs.

Board of Trustees of the Pipe Fitters Retirement Fund, Local 597;
Board of Trustees of the Pipe Fitters Welfare Fund, Local 597;
Board of Trustees of the Pipe Fitters Training Fund, Local 597;
Board of Trustees of the Chicago Area Mechanical Contracting Industry Improvement Trust;
Board of Trustees of the Pipe Fitters Individual Account and 401(k) Plan;
Board of Trustees of the Pipe Fitting Council of Greater Chicago;
The Pipe Fitters' Association, Local 597 U.A.;

                 Respondents.

## RESPONDENTS' RESPONSE TO DEBTOR'S MOTION FOR SANCTIONS
## PURSUANT TO 11 U.S.C. § 362(h) AGAINST BOARD OF TRUSTEES
## of the PIPE FITTERS RETIREMENT FUND, LOCAL 597
## AND OTHER PLAINTIFFS IN CASE NO. 09-C-5080

NOW COME Respondents, BOARD OF TRUSTEES of the PIPE FITTERS RETIREMENT FUND, LOCAL 597, *et al.* (hereinafter collectively referred to as "LOCAL 597"), by and through their attorneys, JOHNSON & KROL, LLC, and file its Response to the Debtor and Debtor in Possession, COMPASS MECHANICAL SERVICES, INC. ("COMPASS"), and their Motion for Sanctions Pursuant to 11 U.S.C. § 362(h) Against Board of Trustees of the Pipe Fitters Retirement Fund, Local 597 and Other Plaintiffs in Case No. 09-C-5080, and in support state as follows:

1.      At the hearing held on February 9, 2010, the Court surmised that LOCAL 597 had violated the Automatic Stay when it moved the District Court to file a First Amended Complaint.

2.      This Court further indicated that the extent of the violation may be limited due to the fact that LOCAL 597 merely moved the District Court to file a First Amended Complaint.  Before LOCAL 597 completed any action which required COMPASS to act (other than an appearance in Court), the District Court stayed the matter.

3.      LOCAL 597'S attorney suggested that the Court set a briefing schedule.  In response to this suggestion, the Court suggested that the parties avoid the costly expense of fully briefing the merits of the motion and settle the matter outside of court.

4.      On February 10, 2010, in an attempt to act on this Court's suggestion of settlement, Counsel for LOCAL 597 sent a settlement offer to COMPASS' attorneys which was immediately denied.  Subsequently, on or about February 11, 2010, LOCAL 597'S attorneys contacted COMPASS' attorneys via telephone and suggested that COMPASS submit a settlement demand.

5.      COMPASS' attorney stated that he would provide counsel with a settlement demand comprised of the number of hours spent responding to LOCAL 597'S violation of the automatic stay within a week.

6.      Counsel contacted COMPASS' attorney on February 18, 2010 about the settlement demand.  (A copy of the email is attached as Exhibit 1).  COMPASS' attorneys failed to respond.

7.      Pursuant to the Court's suggestion of settlement, counsel contacted COMPASS' attorney again on February 24, 2010 about the settlement demand.  (A copy of the email is attached as Exhibit 2).  COMPASS' attorney responded stating that he could not provide the data until the end of the month.

8.      Finally, on March 3, 2010, counsel contacted COMPASS' attorney and alerted him that LOCAL 597 intended to submit the damages determination to the Court to determine due to COMPASS failure to respond to any requests.  (A copy of the email is attached as Exhibit 3).

9.      To date, after numerous requests for a settlement demand, COMPASS' attorneys have failed to provide any information about the amount of damages sustained by COMPASS due to LOCAL 597'S actions.

10.     LOCAL 597 has attempted, in good faith, to settlement the matter per the Court's suggestion, but to no avail.

11.     Due to COMPASS' failure to provide LOCAL 597 with any data to determine the appropriate amount of damages sustained due to LOCAL 597's violation, this Court should deny COMPASS' request for damages.

12.     If COMPASS elects to reply to this Response, the Court should not impose sanctions against LOCAL 597 attributable to COMPASS' time in preparing the reply because LOCAL 597 has attempted to confer in good faith with COMPASS and COMPASS has failed and/or refused to respond.


        WHEREFORE, LOCAL 597 respectfully requests that this Honorable Court deny COMPASS' request for damages, or in the alternative, that this Honorable Court limit damages to the one hour of time spent appearing before the District Court.

                                        Respectfully Submitted,

                                        BOARD OF TRUSTEES of the
                                        PIPE FITTERS RETIREMENT
                                        FUND, LOCAL 597 *et al.*

                                        /s/ Joseph E. Mallon - 6280529
                                        One of Respondents' Attorneys

Joseph E. Mallon
**JOHNSON & KROL, LLC**
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
312-372-8587