IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Compass Mechanical Services, Inc., | ) | Case No.: 09-47131 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Judge Eugene R. Wedoff |
| | ) | |

Board of Trustees of the Pipe Fitters Retirement Fund, Local 597;
Board of Trustees of the Pipe Fitters Welfare Fund, Local 597;
Board of Trustees of the Pipe Fitters Training Fund, Local 597;
Board of Trustees of the Chicago Area Mechanical Contracting Industry Improvement Trust;
Board of Trustees of the Pipe Fitters Individual Account and 401(k) Plan;
Board of Trustees of the Pipe Fitting Council of Greater Chicago;
The Pipe Fitters' Association, Local 597 U.A.;

                Petitioners,

vs.

Compass Mechanical Services, Inc,

                Respondent.

## NOTICE OF MOTION:

TO:    Compass Mechanical Services, Inc., 165 Easy St., Carol Stream, IL 60188
         Mr. Forrest Ingram, via U.S Bankruptcy Court's CM/ECF System
         Mr. Michael Ohlman, via U.S Bankruptcy Court's CM/ECF System
         Mr. William Neary, via U.S Bankruptcy Court's CM/ECF System
         See attached Service List.

      PLEASE TAKE NOTICE that on April 14, 2010, at 9:30 p.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Eugene Wedoff Courtroom No. 744, or before such other judge as may be sitting in his stead, at the Everett McKinley Dirksen Building located at 219 South Dearborn Street, Chicago, Illinois, where I shall then and there present the attached **Motion for Relief from the Stay and for Abandonment**

                                                           **JOHNSON & KROL, LLC**

                                                           /s/ Jeffrey A. Krol - 6300262
                                                           One of Plaintiffs' Attorneys

Jeffrey A. Krol
**JOHNSON & KROL, LLC**

300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
312-372-8587

## CERTIFICATE OF SERVICE

  The undersigned certifies that on April 5, 2010, he served a copy of the above **Notice of Motion** and **Motion for Relief from the Stay and for Abandonment** via e-mail to all parties by operation of the Court's electronic CM/ECF filing system or by regular U.S. Mail to anyone unable to accept electronic filing (listed on the Service List below) as indicated on the Notice of Electronic Filing.

                     **JOHNSON & KROL, LLC**

                     /s/ Jeffrey A. Krol - 6300262
                     One of Plaintiffs' Attorneys

# SERVICE LIST

**VIA U.S. MAIL**

Aurora Tri-State
1080 Corporate Blvd
Aurora, Il 60502

Bornquist, Inc.
7050 Lehigh Ave.
Chicago, IL 60646

Capital One
PO Box 60067
City of Industry, CA 91716

Delta-Therm
398 W. Liberty St
PO Box 345
Wauconda, IL 60084

EIP (Tamco Distributors)
2200 W. Higgins Rd, Ste 355
Hoffman Estates, Il 60169

Euler Hermes UMA
600 South 7th St
Louisville, KY 40201

Fed Ex
PO Box 94515
Palatine, IL 60094

Fluid Air Products
7535 Plaza Ct
Willowbrook, IL 60527

Hilti, Inc
PO Box 382002
Pittsburgh, PA 15250

Air Products
1555 Louis Avenue
Elk Grove Village, Il 60007

BTU Company
770 Pasquinelli Drive #414
Westmont, IL 60559

Brucker Company
PO Box 5940, Dept 20-1042
Carol Stream, Il 60197

Centimark
PO Box 360093
Pittsburgh, PA 15251

Department of Employment Security
33 S. State St, 10th Floor
Attn: Leviah Holt
Chicago, IL 60603

Encompass Technologies, LTD
2542 North Ridge Ave
Arlington Heights, IL 60004

Excelsior
1846 Collection Center Dr
Chicago, Il 60693

I.C.E., Inc.
305 Van Buren Road
Bolivar, TN 38008

Ford Motor Credit
PO Box 542000
Omaha, NE 68154

Home Depot Credit Services
Dept. 32 – 2003977950
PO Box 6029
The Lakes, NV 88901-6029

Associated Equipment
1455 Brummel Ave #100
Elk Grove Village, IL 60007

Baum, Sigman, Auerbach
200 W. Adams St #2200
Chicago, IL 60606

Cambridge Engineering
P.O. Box 419161
Creve Coeur, MO 63141

Complete Balancing Services
4098 N. 525
W LaPorte, IN 46350

Dreisilker
36249 Treasury Center
Chicago, Il 60694

Enterprise Fleet Services
395 Roosevelt Road
Glen Ellyn, Il 60137

Ferguson Enterprises
1401 N. Cicero
Chicago, Il 60651

Flood Steel Erectors
310 Reichert Rd
Wood Dale, Il 60191

Grainger

3

Dept. 865645873
Palatine, IL 60038

Filter Services Illinois
2555 United Lane
Elk Grove Village, IL 60007

IRS
2001 Butterfield Road
Downers Grove, Il 60515

Johnson Controls, Inc
PO Box 743743
Dallas, TX 75373

Lift Works
1130 Carolina, Unit F
West Chicago, Il 60185

MFH Associates
111 N. Canal/Lobby NW
Chicago, Il 60606
McClean Thermal Pentair
Dept. CH 14197
Palatine, IL 60055

Neopost, Inc
PO Box 45800
San Francisco, CA 94145

Outside Legal Counsel, LTD
2135 City Gate Lane, Ste: 300
Naperville, IL 60563

Pro Consulting Services, Inc.
PO Box 66510
Houston, TX 77266

Solomon & Leadley
320 E. Indian Trail #2
Aurora, IL 60505

Illinois Department of Employment Security
33 South State Street
Chicago, Illinois 60603

Attn: Bankruptcy Unit - 10th flr.
Johnstone Supply
145 Lively Blvd
Elk Grove Village, IL 60007

Lift-A-Loft
1122 Elizabeth Avenue
Waukegan, Il 60085

Marc Lichtman
150 N Wacker Drive
Chicago, IL 60606

Messer & Stilp
166 W. Washington #300
Chicago, IL 60602

Newmark Consruction
PO Box 388703
Chicago, Illinois 60638
Receivables Control Corp.
7373 Kirkwood Ct #200

Minneapolis, MN 55440
Illinois Dept of Revenue
Bankruptcy Section Level 7-425
100 W. Randolph St.
Chicago, Il 60606

Liebert Corporation
1050 Dearborn Drive
Columbus, OH 43085

Loel Cardis, LLC
2006 Swede Rd #100
Norristown, PA 19401

Master Solutions
1236 Highland Ave, Ste 2C
Lombard, Il 60148

Moving On Up
706 Bonded Pkwy
Streamwood, Il 60107

Nicor
PO Box 0632
Aurora, Il 60507

Sheet Metal Workers' Int'l Assn.,
Local Union 265
c/o Jennifer L. Dunitz-Geiringer
Baum Sigman Auerbach & Neuman, Ltd.
200 W. Adams Street, Suite 2200
Chicago, IL 60606-5231

4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Compass Mechanical Services, Inc., | ) | Case No.: 09-47131 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Judge Eugene R. Wedoff |
| | ) | |

Board of Trustees of the Pipe Fitters Retirement Fund, Local 597;
Board of Trustees of the Pipe Fitters Welfare Fund, Local 597;
Board of Trustees of the Pipe Fitters Training Fund, Local 597;
Board of Trustees of the Chicago Area Mechanical Contracting Industry Improvement Trust;
Board of Trustees of the Pipe Fitters Individual Account and 401(k) Plan;
Board of Trustees of the Pipe Fitting Council of Greater Chicago;
The Pipe Fitters' Association, Local 597 U.A.;

                                      Petitioners,

vs.

Compass Mechanical Services, Inc,

                                      Respondent.

**MOTION FOR RELIEF FROM THE STAY AND ABANDONMENT, OR IN THE ALTERNATIVE, MOTION FOR APPOINTMENT OF TRUSTEE**

NOW COMES the Board of Trustees of the Pipe Fitters Retirement Fund, Local 597; the Board of Trustees of the Pipe Fitters Welfare Fund, Local 597; the Board of Trustees of the Pipe Fitters Training Fund, Local 597; the Board of Trustees of the Chicago Area Mechanical Contracting Industry Improvement Trust; the Board of Trustees of the Pipe Fitters Individual Account and 401(k) Plan; the Board of Trustees of the Pipe Fitting Council of Greater Chicago; and The Pipe Fitters' Association, Local 597 U.A. (collectively referred to as "Local 597" or "Petitioners"), by and through their attorneys JOHNSON & KROL, LLC, and move this Honorable Court for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362 and for Abandonment of Potential Claims that the Debtor may have against Michael Wojciechowski,

5

Enhanced Air Solutions and One Source United Electrical, LLC d/b/a UBM Electrical Services. In the alternative, the Petitioners request that this Court enter an Order Appointing a Chapter 11 Trustee to investigate the potential claims that Petitioners may have against Michael Wojciechowski and the related corporate entities.

## PROCEDURAL HISTORY:

On December 14, 2009, COMPASS filed its voluntary petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code. The Petitioners are major creditors of COMPASS due to COMPASS'S contractual obligations to pay fringe benefit contributions for each hour of work performed by its employees in covered employment.

Prior to filing bankruptcy, COMPASS owed the Petitioners in excess of $170,000 for unpaid fringe benefit contributions. The Petitioners seek relief from the automatic stay to pursue litigation against Michael Wojciechowski, Enhanced Air Solutions and One Source United Electrical, LLC d/b/a UBM Electrical Services, in the lawsuit currently pending in the U.S. District Court for the Northern District of Illinois.

## ARGUMENT:

This Court should grant the Petitioners relief from the stay to pursue the ERISA alter-ego claims and enter an order abandoning the ERISA alter-ego claims so that the Petitioners can pursue those claims in federal court.

**I. THE PETITIONERS' ERISA ALTER-EGO CLAIMS ARE NOT PROPERTY OF THE ESTATE.**

The Seventh Circuit has consistently held that only those alter-ego claims that are general to all creditors are property of the estate. *Koch Ref. v. Farmers Union Cent. Exch., Inc.*, 831 F.2d

6

1339 (7th Cir. 1987)[1]. On the contrary, Alter-ego claims that are specific to individual creditors are not property of the estate. *See id*. To determine whether a claim is personal or general, the Seventh Circuit has stated that it "depends on whether the action vests in the trustee as an assignee for the benefit of creditors or, on the other hand, accrues to *specific* creditors." *Id.* at 1348. The trustee has "no standing to bring 'personal' claims of creditors, which are defined by those in which the claimant has been harmed and no 'other claimant or creditor has an interest in the cause.'" *Levey v. Sys. Div., Inc. (In re Teknek, LLC)*, 563 F.3d 639, 646 (7th Cir. 2009) (quoting *Koch*, 831 F.2d at 1348).

In the matter at hand, the Petitioners claim is personal to them as they have ERISA alter-ego claims that rely specifically on federal common law. As fiduciaries of multi-employer plans that are governed by ERISA, the Petitioners are entitled to pursue collection against signatory employers and alter-egos of the signatory employers in federal court pursuant to 29 U.S.C. § 1145.

A vast array of case law has developed which allows fiduciaries, such as the Petitioners, to find directors, officers, shareholders and related entities liable for violations of collective bargaining agreements and ERISA on the basis of ERISA alter-ego liability. The Seventh Circuit has made clear that in cases involving pension benefits protected by ERISA, "there is a federal interest supporting disregard of the corporate form to impose liability. *Lumpkin v. Envirdyne Indus., Inc.*, 933 F.2d 449, 460 (7th Cir. 1991)[2]. Accordingly, "the corporate veil may be pierced more easily in ERISA cases then in pure contract cases in order to promote the federal

---

[1] In *Koch Ref.*, 831 F.2d at 1349, the Seventh Circuit held that the claim against the member-owners was a general claim that accrued to the trustee because the claim was based on actions that equally affected all of debtor's general creditors. Thus, the claim against the member-owners was a general claim that the Trustee had the sole authority to bring. *Koch Refining*, 831 F.2d at 1349.

[2] "The underlying Congressional policy behind ERISA clearly favors the disregard of the corporate entity in cases where employees are denied their pension benefits." *Lumpkin*, 933 F.2d at 460-61.

7

policies underlying the statute." *Id.* at 461. This federal common law has specifically been developed to allow fiduciaries to pursue ERISA alter-egos for their **direct violations** of the collective bargaining agreement and ERISA. *See id.*

As the Seventh Circuit reasoned in *Bd. of Trs. of the Sheet Metal Workers Nat'l Pension Fund, et al. v. Elite Erectors, Inc.*, 212 F.3d 1031 (7th Cir. 2000) and *Cent. States Southeast Areas Pension Fund, et al. v. Cent. Trans. Inc., et al.*, 85 F.3d 1282 (7th Cir. 1996), the Petitioners' ERISA alter-ego claims are **not** state law piercing matters, but are instead claims for Federal ERISA violations. Consequently, opposite of the respondents in *Koch Refining*, the Petitioners' ERISA alter-ego claims do not accrue to all general creditors, but instead accrue specifically to the Petitioners based on the direct role that the principal and related companies played while violating ERISA. *See Elite Erectors, Inc.*, 212 F.3d at 1038. Further, it is clear that no Creditor, other than the Board of Trustees of the Sheet Metal Workers Local 265 Trust Funds, could possibly be situated in the same position as the Petitioners, as their claims are not based on violations of ERISA. Thus, the ERISA alter-ego claims that the Petitioners desire to bring cannot be deemed general claims that could be brought by the Trustee on behalf of all the creditors. The Seventh Circuit has made clear that the trustee has no standing to bring claims which are specific to individual creditors. *Levey,* 563 F.3d at 646; *See also Koch*, 831 F.2d at 1348).

Therefore, because the Petitioners' ERISA alter-ego claims are personal to them and are not property of the estate, this Court should issue an order stating that the claims are not property of the estate and that the Court need not rule on Petitioners' motions for relief from the stay and abandonment for that reason.

8

## II. RELIEF FROM THE STAY AND ABANDONMENT OF THE ERISA ALTER-EGO CLAIMS SHOULD BE ORDERED BECAUSE THERE IS CAUSE FOR RELIEF AND THE CLAIMS ARE OF INCONSEQUENTIAL VALUE TO THE ESTATE.

If this Court finds that the Petitioners' ERISA alter-ego claims are general claims which are property of the estate, this Court should grant Petitioners' motion for relief from the stay and abandonment because there is reasonable cause to grant the relief requested and the claims are of inconsequential value to the estate.

### 1. RELIEF FROM THE STAY SHOULD BE GRANTED BECAUSE COMPASS WILL NOT BE PREJUDICED BY THE ERISA ALTER-EGO CLAIMS AND THE PETITIONERS HAVE A HIGH PROBABILITY OF PREVAILING ON THE ERISA ALTER-EGO CLAIMS.

The Petitioners are entitled to Relief from the Automatic Stay pursuant 11 U.S.C. § 362(d)(2). Section 362(d) of the Bankruptcy Code provides in relevant part as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . (1) for cause. 11 U.S.C. § 362(d)(2) (2006).

Cause to lift the automatic stay exists where the stay causes harm to the creditor and lifting the stay will not cause unjust harm to the debtor or other creditors. Courts must look to the totality of circumstances and balance inherent hardships on the parties when considering whether to lift the automatic stay. *In re Opelika Mfg. Corp.*, 66 B.R. 444 (N.D. Bankr. Ill. 1986). The Seventh Circuit has articulated a three-part test that is to be used in determining whether "cause" exists to lift a stay: (1) whether any great prejudice will result to either the bankrupt estate or the debtor, (2) whether the hardship to the non-bankrupt party by the maintenance of the stay outweighs the hardship of the debtor, and (3) whether the creditor has a probability of prevailing on the merits of its claim if the stay is lifted. *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991).

9

In the case at hand, when weighing the three factors discussed by the Seventh Circuit in *Fernstrom*, it is clear that it is appropriate for this Court to grant Petitioner's motion for relief from the stay. As to the first factor, the bankrupt estate and the Debtor would not be prejudiced at all by proceeding against Wojciechowski and the two other related entities. In fact, if the debtor is to argue that a cause of action against the three parties is prejudicial, it further strengthens the Petitioners' claims that the parties are alter-egos of the Debtor. In addition, the Debtor is a corporate entity and is not Wojciechowski, thus any argument that it would be burdensome to proceed against Wojciechowski is meritless.

When reviewing the second factor, it is clear that Petitioners' hardship far outweighs any alleged hardship the Debtor may claim. The Petitioners provide health, retirement, training and other services to the participants of the plans. In so doing, the Petitioners are fiduciaries with respect to the participants of the plans and are obligated to pursue all avenues of collection to provide for level funding of the plans. The potential consequences are immense for the Petitioners in that they could face liability from the D.O.L. or participants for failing to pursue all avenues to collect the unpaid contributions. In addition, under the provisions of ERISA the Pension Plan may be penalized if the Petitioners permit the funding percentage to get below certain levels. Such hardships clearly outweigh any alleged hardship the Debtor might claim.

The third factor is also clearly met by the Petitioners. Seventh Circuit courts have held that the following factors should be considered when analyzing ERISA alter-ego claims: (1) common directors, officers, and employees; (2) joint corporate records; (3) commingling of funds; (4) failure to comply with corporate formalities; (5) undercapitalization of both corporations; or (6) common business purposes of the two corporations. *Great Lakes Overseas v. Wah Kwong Shipping Group*, 990 F.2d at 996-997 (7th Cir. 1993); *CONOPCO, Inc. v. S.K.*

*Foods*, 1999 U.S. Dist. LEXIS 16151 (N. D. Ill. 1999); *Chicago Dist. Council of Carpenters Pension Fund v. Ceiling Wall Systems, Inc.*, 1999 WL 47078, 6 (N.D. Ill. 1999). The Petitioners have sufficient evidence to support a finding of ERISA alter-ego status against all three parties and thus have a high probability of prevailing on the merits of the claims. First, it is clear that Wojciechowski seriously undercapitalized the Debtor and has not complied with all appropriate formalities. In addition, both entities have similar business purposes as the Debtor and have some of the same employees. Thus, the third factor is met because have produced several factual examples of connections between companies that Courts have held to be sufficient to assert ERISA alter-ego liability.

Finally, as a practical matter, stating that the claim belongs to the estate makes no sense when it is a Chapter 11 reorganization as opposed to a Chapter 7 liquidation. Common sense tells you that the Debtor is never going to bring these ERISA alter-ego claims because to do so would mean that Wojciechowski is essentially bringing suit against himself. There is no question that Wojciechowski is the main force behind this alleged attempt to reorganize the Debtor. Wojciechowski is listed as the Vice President of Debtor and has been the signee on nearly all documents filed on behalf of Debtor in this matter. Wojciechowski is not going to continue this attempted reorganization if he must bring suit against himself. Accordingly, the fact that Wojciechowski is not likely to bring a claim against himself is sufficient cause for this Court to grant Petitioners' motion for relief from stay and also abandon the ERISA alter-ego claims.

    **2.**    **ABANDONMENT IS APPROPRIATE BECAUSE THE CLAIM IS OF INCONSEQUENTIAL VALUE TO THE ESTATE.**

This Court should grant the Petitioners' motion for abandonment of ERISA alter-ego claims against Michael Wojciechowski, Enhanced Air Solutions and One Source United

11

Electrical, LLC d/b/a UBM Electrical Service because the claims are both burdensome and inconsequential to the estate. Pursuant to Section 554 of the Bankruptcy Code, a Court may "order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b) (2006). Property of the estate is of inconsequential value and benefit to the estate if the Debtor does not have any equity in the property sought for abandonment. *Drewry v. Metropolitan Life Ins.*, 1991 U.S. Dist. LEXIS 20432, 16-17 (N.D. Ind. Jan. 14, 1991).

In the matter at hand, the ERISA alter-ego claims are burdensome to the estate because it would require the main proponent of the reorganization, Michael Wojciechowski, to bring a claim against himself. Furthermore, the ERISA alter-ego claims are of inconsequential value to the estate because the Debtor has no equity in the claims due to the fact that any potential recovery would likely be considered to be collateral in which the secured creditors would be entitled to pursuant to their security interests. As such, this Court should abandon the ERISA alter-ego claims.

**III.    IN THE ALTERNATIVE, THIS COURT SHOULD APPOINT A TRUSTEE FOR THE LIMITED PPURPOSE OF PURSUING THE ERISA ALTER-EGO CLAIMS.**

In the alternative, if this Court does not grant Petitioners' motion for relief from the stay and abandonment, this Court should appoint a trustee for the limited purpose of pursuing the ERISA alter-ego claims on behalf of the estate and require that the trustee make a determination as to whether he/she desires to proceed on the ERISA alter-ego claims or abandon them within 30 days of appointment. Under 11 U.S.C. § 1104(a), a Court shall order the appointment of a chapter 11 trustee if such appointment is in the interest of the creditors. In *In re Madison Management Group, Inc.*, 137 B.R. 275, 282-83 (Bankr. N.D. Ill. 1992), the Bankruptcy Court held that the appointment of a chapter 11 trustee for the limited purpose of prosecuting alter-ego

claims against debtor's parent corporation was in the best interest of creditors under 11 U.S.C. § 1104(a)(2).  Here, it is obvious that the appointment of a chapter 11 trustee is in the best interest of the creditors because, to date, the Debtor has not initiated any claims against Michael Wojciechowski, Enhanced Air Solutions and One Source United Electrical, LLC d/b/a UBM Electrical Services.

Accordingly, if this Court does not hold that the ERISA alter-ego claims are not property of the estate and this Court does not grant Petitioners' motion for relief from the stay and abandonment, this Court should appoint a chapter 11 trustee of the sole purpose of pursuing the ERISA alter-ego claims.

        Respectfully submitted,

        **JOHNSON & KROL, LLC**

        <u>/s/ Jeffrey A. Krol - 6300262</u>
        One of Plaintiffs' Attorneys

Jeffrey A. Krol
**JOHNSON & KROL, LLC**
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
312-372-8587