# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Compass Mechanical Services, Inc., | ) | Case No.: 09-47131 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Judge Eugene R. Wedoff |
| | ) | |

Board of Trustees of the Pipe Fitters Retirement Fund, Local 597;
Board of Trustees of the Pipe Fitters Welfare Fund, Local 597;
Board of Trustees of the Pipe Fitters Training Fund, Local 597;
Board of Trustees of the Chicago Area Mechanical Contracting Industry Improvement Trust;
Board of Trustees of the Pipe Fitters Individual Account and 401(k) Plan;
Board of Trustees of the Pipe Fitting Council of Greater Chicago;
The Pipe Fitters' Association, Local 597 U.A.;

                                                              Petitioners,
     vs.

Compass Mechanical Services, Inc,
                                                              Respondent.

## NOTICE OF FILING AND NOTICE OF MOTION:

TO:   Compass Mechanical Services, Inc., via U.S Bankruptcy Court's CM/ECF System
      Mr. Forrest Ingram, via U.S Bankruptcy Court's CM/ECF System
      Mr. Michael Ohlman, via U.S Bankruptcy Court's CM/ECF System
      Mr. William Neary, via U.S Bankruptcy Court's CM/ECF System

   PLEASE TAKE NOTICE that on May 20, 2010, I caused to be filed the attached **Response in Opposition to Debtor's Second Motion to Extend Time to File Chapter 11 Plan and Disclosure Statement and Motion to Convert Case to Chapter 7** at the Everett McKinley Dirksen Building located at 219 South Dearborn Street, Chicago, Illinois 60604, copies of which are hereby served upon you.

   PLEASE TAKE NOTICE that on May 25, 2010, at 9:30 p.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Eugene Wedoff Courtroom No. 744, or before such other judge as may be sitting in his stead, at the Everett McKinley Dirksen Building located at 219 South Dearborn Street, Chicago, Illinois, where I shall then and there present the attached **Response in Opposition to Debtor's Second Motion to Extend Time to File Chapter 11 Plan and Disclosure Statement and Motion to Convert Case to Chapter 7.**

                                                    JOHNSON & KROL, LLC

                                                    /s/ Jeffrey A. Krol - 6300262
                                                    One of Petitioners' Attorneys

1

Jeffrey A. Krol
**JOHNSON & KROL, LLC**
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
312-372-8587

## CERTIFICATE OF SERVICE

       The undersigned certifies that on May 20, 2010, he served a copy of the above **Notice of Motion** and **Response in Opposition to Debtor's Second Motion to Extend Time to File Chapter 11 Plan and Disclosure Statement and Motion to Convert Case to Chapter** via e-mail to all parties by operation of the Court's electronic CM/ECF filing system or by regular U.S. Mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

                                                    **JOHNSON & KROL, LLC**

                                                    <u>/s/ Jeffrey A. Krol - 6300262</u>
                                                    One of Plaintiffs' Attorneys

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Compass Mechanical Services, Inc., | ) | Case No.: 09-47131 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Judge Eugene R. Wedoff |
| | ) | |

Board of Trustees of the Pipe Fitters Retirement Fund, Local 597;
Board of Trustees of the Pipe Fitters Welfare Fund, Local 597;
Board of Trustees of the Pipe Fitters Training Fund, Local 597;
Board of Trustees of the Chicago Area Mechanical Contracting Industry Improvement Trust;
Board of Trustees of the Pipe Fitters Individual Account and 401(k) Plan;
Board of Trustees of the Pipe Fitting Council of Greater Chicago;
The Pipe Fitters' Association, Local 597 U.A.;

                 Petitioners,

 vs.

Compass Mechanical Services, Inc,

                 Respondent.

**RESPONSE IN OPPOSITION TO DEBTOR'S SECOND MOTION TO EXTEND TIME
TO FILE CHAPTER 11 PLAN AND DISCLOSURE STATEMENT AND
MOTION TO CONVERT CASE TO CHAPTER 7**

   NOW COMES the Board of Trustees of the Pipe Fitters Retirement Fund, Local 597; the Board of Trustees of the Pipe Fitters Welfare Fund, Local 597; the Board of Trustees of the Pipe Fitters Training Fund, Local 597; the Board of Trustees of the Chicago Area Mechanical Contracting Industry Improvement Trust; the Board of Trustees of the Pipe Fitters Individual Account and 401(k) Plan; the Board of Trustees of the Pipe Fitting Council of Greater Chicago; and The Pipe Fitters' Association, Local 597 U.A. (collectively referred to as "Local 597" or "Petitioners"), by and through their attorneys JOHNSON & KROL, LLC, and provide this Response In Opposition to Debtor's Second Motion to Extend Time to File Chapter 11 Plan and Disclosure Statement. Petitioners further move this Honorable Court to convert this case to

3

Chapter 7 due to the gross mismanagement of the estate and misconduct by the Debtor. In support the Petitioners state as follows:

## I. PROCEDURAL HISTORY

On December 14, 2009, COMPASS filed its voluntary petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code. On February 24, 2010, this Court granted the Debtor COMPASS MECHANICAL SERVICES, INC. ("COMPASS") an extension to file the Disclosure and Statement Plan and reset the due date to May 17, 2010. On May 13, 2010, COMPASS again requested that the Court extend the time for COMPASS to file the Chapter 11 Plan and Disclosure Statement until July 26, 2010.

## II. ARGUMENT

**A.  DEBTOR'S REQUEST FOR EXTENSION OF TIME TO FILE CHAPTER 11 PLAN AND DISCLOSURE STATEMENT SHOULD BE DENIED BECAUSE DEBTOR HAS NOT FULFILLED THE REQUIREMENTS OF 11 U.S.C. § 1121(E)(3).**

This Court should deny the Debtor's Request to extend time to file Chapter 11 Plan and Disclosure Statement because the Debtor has not demonstrated by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time and the current deadline has expired prior to the entering of the order extending time. Section 1121 of the U.S. Bankruptcy Code states that times for filing plans and disclosure statements may be extended **"only if** (A) the debtor . . . demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time . . . (C) the order extending time is signed before the existing deadline has expired." 11 U.S.C. § 1121(e) (emphasis added). The Court is not given discretion in this matter as is clearly revealed by the conditional language used in the statute. *See In re Roots Rents, Inc.,* 420 B.R. 28, 37 (Bankr. D. Idaho 2009) (stating that any other interpretation of the statute would render the deadlines meaningless).

4

In the matter at hand, the Debtor has not shown by a preponderance of the evidence that the court will confirm a plan. In *In re JMC Outfitters Co.*, 2009 Bankr. LEXIS 1772 (Bankr. W.D. Tex. May 25, 2009), the Court stated that the Debtor must either present "a quantum of evidence at hearing (perhaps proffering the testimony of the debtor's principal, or perhaps submitting the affidavit of debtor's counsel), or to attach such evidence in the form of affidavits to the motion." Here, the Debtor has not presented any information stating that it is likely to get a plan confirmed by the court within a reasonable amount of time. Rather, the Debtor states in its motion that it requires more time to complete negotiations with priority creditors. However, the Petitioners in this matter are priority creditors and contrary to Debtor's statements, the Debtor has not contacted the Petitioners to discuss any potential plan. In addition, the Debtor has incurred post-petition debt to Petitioners which Debtor has failed/refused to pay despite repeated requests from Petitioners.

Furthermore, based on the Small Business Monthly Operating Reports submitted by the Debtor for the months of February and March 2010, it appears that there is insufficient money to pay its current expenses. *See* Docket Entry No. 99 – "Small Business Monthly Operating Report for February 2010" (Report states that COMPASS had a **negative** net income of $3,187.88 and lists bills that are 31-60 days overdue as $17,480.09); Docket Entry No. 105 – "Small Business Monthly Operating Reports for March 2010" (Reports states that COMPASS had a net income of $16,950.64 but lists bills that are 1 to 30 days overdue as $16,659.61). Based on the proofs of claims filed in this matter, COMPASS owes in excess of $1 million in pre-petition debt and roughly a quarter is secured or priority debt. Accordingly, COMPASS has not demonstrated that it will have sufficient income to pay off any of its creditors under a Plan.

Additionally, this Court should deny Debtor's Request to Extend time to File Chapter 11 Plan and Disclosure Statement because the requested extension is not permitted by Section 1121

of the Bankruptcy Code. Section 1121 of the U.S. Bankruptcy Code states that times for filing plans and disclosure statements may be extended "only if. . . (C) the order extending time is signed before the existing deadline has expired." 11 U.S.C. § 1121(e). Here, the deadline to file a Plan expired on May 17, 2010 and no order has been entered by this Court extending the time. Therefore, under the explicit language of 11 U.S.C. § 1121(e) this Court should not enter an order extending the time to file a Chapter 11 Plan and Disclosure Statement because an order has not been signed before the existing deadline expired.

Furthermore, the Petitioners have uncovered information that would likely lead to the liability of Debtor's Principal, Michael Wojciechowski, and several related entities owned by Michael Wojciechowski, based on the theory of alter-ego liability. However, this Court has previously made clear that any action against the Principal and/or related entities would likely constitute a violation of the automatic stay.[1] In fact, Debtor's attorney has made clear that he would move for sanctions against the Petitioners if they were to pursue alter ego theories of liability against Michael Wojciechowski and the related entities. It now appears that these attempts by the Debtor to extend the time to file a plan are simply a ploy to delay and/or impede the Petitioner's actions against Debtor's Principal.

Based on the foregoing, it is clearly not in the best interest of the Creditors to further extend the time to file a Plan and Disclosure statement. In addition, the Debtor has failed to meet the requirements of Section 1121 of the Bankruptcy Code. Because the Debtor has failed to meet the requirements of Section 1121, this Court may not enter an Order extending the time to file a Chapter 11 Plan and Disclosures Statement. Instead, based on the mismanagement of the Debtor's estate, this Honorable Court should convert Debtor's Chapter 11 case to a Chapter 7.

---

[1] Petitioners allegedly violated the automatic stay for bringing a Motion to Amend the Complaint to add the alter-ego allegations. The alleged violation was settled out of court directly with the Debtor.

6

B. **THIS CASE SHOULD BE CONVERTED TO CHAPTER 7 BECAUSE OF GROSS MISMANAGEMENT OF THE ESTATE, DEBTOR'S FAILURE TO FILE PLAN WITHIN TIME FIXED BY ORDER OF COURT AND BAD FAITH ON BEHALF OF THE PRINCIPAL OFFICER, MICHAEL WOJCIECHOWSKI.**

This Honorable Court should Convert this Case to Chapter pursuant to 11 U.S.C. § 1112(b)(1) because the Debtor's Estate has been mismanaged, the Debtor has failed to file a plan within the time fixed by Order of Court and Debtor's principal officer has acted in bad faith throughout this bankruptcy proceeding. Section 1112(b)(1) of the Bankruptcy Code states that

> on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause. 11 U.S.C. § 1121(b)(1).

Section 1121(b)(4) provides a laundry list of causes to convert a Chapter 11 case to Chapter 7, including "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," "gross mismanagement of the estate," "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court" and "failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief." 11 U.S.C. § 1112(b)(4).

**1. This case should be converted to a Chapter 7 based on Debtor's gross mismanagement of the estate and failure to pay its required income taxes.**

In the matter at hand, the Debtor has grossly mismanaged the Estate. Based on the information provided in the Small Business Monthly Operating Report, Michael Wojciechowski is earning $10,500.00 per month in salary, which is $2,166.66 more in monthly income than he was earning prior to the Bankruptcy filing. *See* Docket Entry No. 99 – "Small Business Monthly Operating Report for February 2010" and Docket Entry No. 105 – "Small Business Monthly Operating Reports for March 2010." Meanwhile, while the Principal Officer of the Debtor is receiving a raise the creditors of the Debtor remain unpaid. As shown in the Small Business

7

Monthly Operating reports, the Debtor has failed to pay the January 2010 fringe benefits to both the Petitioners and the Sheet Metal Workers National Pension Fund. *See id.* Additionally, the Debtor has accrued over $1,000.00 in overdraft fees since the filing of the Chapter 11. *See id.* $1,000.00 in unnecessarily incurred charges is not an indication of a properly managed entity.

Furthermore, it appears that the Debtor is sitting on many unpaid invoices to UBM Mechanical Services, *See id.* It is important to note that Wojciechowski is a member of One Source United Mechanical, LLC d/b/a UBM Mechanical Services. In addition, it is likely that the Debtor will assert that the majority of these debts are entitled to administrative priority. At first glance, it appears that Wojciechowski may be incurring the debts to UBM Mechanical Services simply to receive additional compensation upon the eventual conversion to Chapter 7.

Moreover, pursuant to the Debtor's Small Business Monthly Operating Reports for March 2010, the Debtor has over $28,000.00 in expenses that are overdue, and approximately $13,000.00 that are overdue by more than 30 days. *See id.* It is clear that the mismanagement that caused the Debtor financial distress prior to bankruptcy has continued post-petition. The continuance of this charade is not in the best interests of the creditors. This Court should convert the Debtor's case to Chapter 7 because the overwhelming evidence reveals that the Debtor is grossly mismanaged.

Finally, as is revealed by the Debtor's Small Business Monthly Operating Reports for March 2010, the Debtor has not made payments that were due on April 28, 2010 to the IRS for quarterly income taxes. Under 11 U.S.C. § 1112(b)(4), the Debtor's failure to pay its income taxes is yet another reason that there is cause for this Court to convert the Debtor's case to Chapter 7.

8

**2. The Continued diminution of the estate along with the Debtors failure to file its Plan and Disclosure Statements are further evidence that this matter should be converted to a Chapter 7.**

Section 1121(b)(4) also provides that a Chapter 11 can be converted to a case to Chapter 7, based on a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation,"…as well as the "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court." A review of this matter shows both the diminishment of the estate and Debtor's failure to file a plan within the time fixed by the Court.

The Debtor's Monthly Operating Reports have shown that the estate is slowly diminishing in value and there is no likelihood of rehabilitation. As was stated above, the Debtor has over $28,000.00 in expenses that are overdue, which is $7,000.00 more than what the Debtor reported in February 2010. *See id.* The estate is overcome with post-petition liabilities that are not being paid in a timely manner.[2] The post-petition liabilities are further diminishing the value of the estate to the Creditors because they would likely be treated as administrative expenses. Further, the Debtor has not shown its ability to rehabilitate because it increased the number of unpaid liabilities by 33% within one month. *See id.*

As is clear by the Debtor's motion to extend time to file Chapter 11 Plan and Disclosure Statement, the Debtor has not met the Court's fixed deadline to file a Plan and let the deadline pass prior to appearing before the Court to present its motion. The failure to follow the Court's fixed deadline is sufficient cause for this Court to convert the Debtor's case to Chapter 7.

Finally, a cursory review of the Monthly Operating Reports reveals not only mismanagement on the part of Wojciechowski but also possibly bad faith. There are two people

---

[2] The Debtor may owe additional money to the Petitioners for each hour of pipe fitting work performed by the Debtor's employees. The Debtor has not submitted contribution reports to the Petitioners since January and is likely still performing pipe fitting work.

who are benefiting from this reorganization, the Debtor's attorneys and Wojciechowski. As was stated above, Wojciechowski is earning $10,500.00 per month for operating a company that is not turning a profit nor has any possibility of it. In addition, much of the business that is done by the Debtor is transacted with One Source United Mechanical, LLC d/b/a UBM Mechanical Services, a company in which Wojciechowski is a Member. It appears that while the creditors suffer, Wojciechowski is turning a large profit both from the Debtor and from the related entities.

Accordingly, based on the foregoing it is clear that this Court should convert the Debtor's case to Chapter 7.

WHERFORE, this Court should convert the Debtor's case to Chapter 7.

Respectfully submitted,

**JOHNSON & KROL, LLC**

/s/ Jeffrey A. Krol - 6300262
One of Plaintiffs' Attorneys

Jeffrey A. Krol
**JOHNSON & KROL, LLC**
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
312-372-8587