## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Compass Mechanical Services, Inc., | ) | Case No.: 09-47131 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Judge Eugene R. Wedoff |
| | ) | |

**RESPONSE IN OPPOSITION TO DEBTOR'S SECOND MOTION TO EXTEND TIME TO FILE CHAPTER 11 PLAN AND DISCLOSURE STATEMENT**

NOW COMES the Board of Trustees of the Pipe Fitters Retirement Fund, Local 597; the Board of Trustees of the Pipe Fitters Welfare Fund, Local 597; the Board of Trustees of the Pipe Fitters Training Fund, Local 597; the Board of Trustees of the Chicago Area Mechanical Contracting Industry Improvement Trust; the Board of Trustees of the Pipe Fitters Individual Account and 401(k) Plan; the Board of Trustees of the Pipe Fitting Council of Greater Chicago; and The Pipe Fitters' Association, Local 597 U.A. (collectively referred to as "Local 597" or "Respondents"), by and through their attorneys JOHNSON & KROL, LLC, and provide this Response In Opposition to Debtor's Second Motion to Extend Time to File Chapter 11 Plan and Disclosure Statement. In support the Respondents state as follows:

### I. PROCEDURAL HISTORY

On December 14, 2009, COMPASS filed its voluntary petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code. On February 24, 2010, this Court granted the Debtor COMPASS MECHANICAL SERVICES, INC. ("COMPASS") an extension to file the Disclosure and Statement Plan and reset the due date to May 17, 2010. On May 13, 2010, COMPASS again requested that the Court extend the time for COMPASS to file the Chapter 11 Plan and Disclosure Statement until July 26, 2010.

## II. ARGUMENT

A. **DEBTOR'S REQUEST FOR EXTENSION OF TIME TO FILE CHAPTER 11 PLAN AND DISCLOSURE STATEMENT SHOULD BE DENIED BECAUSE DEBTOR HAS NOT FULFILLED THE REQUIREMENTS OF 11 U.S.C. § 1121(E)(3).**

This Court should deny the Debtor's Request to extend time to file Chapter 11 Plan and Disclosure Statement because the Debtor has not demonstrated by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time and the current deadline has expired prior to the entering of the order extending time. Section 1121 of the U.S. Bankruptcy Code states that times for filing plans and disclosure statements may be extended **"only if** (A) the debtor . . . demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time . . . (C) the order extending time is signed before the existing deadline has expired." 11 U.S.C. § 1121(e) (emphasis added). The Court is not given discretion in this matter as is clearly revealed by the conditional language used in the statute. *See In re Roots Rents, Inc.,* 420 B.R. 28, 37 (Bankr. D. Idaho 2009) (stating that any other interpretation of the statute would render the deadlines meaningless).

In the matter at hand, the Debtor has not shown by a preponderance of the evidence that the court will confirm a plan. In *In re JMC Outfitters Co.*, 2009 Bankr. LEXIS 1772 (Bankr. W.D. Tex. May 25, 2009), the Court stated that the Debtor must either present "a quantum of evidence at hearing (perhaps proffering the testimony of the debtor's principal, or perhaps submitting the affidavit of debtor's counsel), or to attach such evidence in the form of affidavits to the motion." Here, the Debtor has not presented any information stating that it is likely to get a plan confirmed by the court within a reasonable amount of time. Rather, the Debtor states in its motion that it requires more time to complete negotiations with priority creditors. However, the Respondents in this matter are priority creditors and contrary to Debtor's statements, the

Debtor has not contacted the Respondents to discuss any potential plan. In addition, the Debtor has incurred post-petition debt to Respondents which Debtor has failed/refused to pay despite repeated requests from Respondents.

Furthermore, based on the Small Business Monthly Operating Reports submitted by the Debtor for the months of February and March 2010, it appears that there is insufficient money to pay its current expenses. *See* Docket Entry No. 99 – "Small Business Monthly Operating Report for February 2010" (Report states that COMPASS had a **negative** net income of $3,187.88 and lists bills that are 31-60 days overdue as $17,480.09); Docket Entry No. 105 – "Small Business Monthly Operating Reports for March 2010" (Reports states that COMPASS had a net income of $16,950.64 but lists bills that are 1 to 30 days overdue as $16,659.61). Based on the proofs of claims filed in this matter, COMPASS owes in excess of $1 million in pre-petition debt and roughly a quarter is secured or priority debt. Accordingly, COMPASS has not demonstrated that it will have sufficient income to pay off any of its creditors under a Plan.

Additionally, this Court should deny Debtor's Request to Extend time to File Chapter 11 Plan and Disclosure Statement because the requested extension is not permitted by Section 1121 of the Bankruptcy Code. Section 1121 of the U.S. Bankruptcy Code states that times for filing plans and disclosure statements may be extended **"**only if. . . (C) the order extending time is signed before the existing deadline has expired." 11 U.S.C. § 1121(e). Here, the deadline to file a Plan expired on May 17, 2010 and no order has been entered by this Court extending the time. Therefore, under the explicit language of 11 U.S.C. § 1121(e) this Court should not enter an order extending the time to file a Chapter 11 Plan and Disclosure Statement because an order has not been signed before the existing deadline expired.

Furthermore, the Respondents have uncovered information that would likely lead to the liability of Debtor's Principal, Michael Wojciechowski, and several related entities owned by Michael Wojciechowski, based on the theory of alter-ego liability. However, this Court has previously made clear that any action against the Principal and/or related entities would likely constitute a violation of the automatic stay.[1] In fact, Debtor's attorney has made clear that he would move for sanctions against the Respondents if they were to pursue alter ego theories of liability against Michael Wojciechowski and the related entities. It now appears that these attempts by the Debtor to extend the time to file a plan are simply a ploy to delay and/or impede the Respondent's actions against Debtor's Principal.

Based on the foregoing, it is clearly not in the best interest of the Creditors to further extend the time to file a Plan and Disclosure statement. In addition, the Debtor has failed to meet the requirements of Section 1121 of the Bankruptcy Code. Because the Debtor has failed to meet the requirements of Section 1121, this Court may not enter an Order extending the time to file a Chapter 11 Plan and Disclosures Statement. The Respondents anticipate re-filing a Motion to Convert to Chapter 7 which will allow Debtor 21 days to respond and will be sent to all of the creditors pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(2).

    Respectfully submitted,

    **JOHNSON & KROL, LLC**

    /s/ Jeffrey A. Krol - 6300262
    One of Plaintiffs' Attorneys

Jeffrey A. Krol
**JOHNSON & KROL, LLC**
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
312-372-8587

---

[1] Respondents allegedly violated the automatic stay for bringing a Motion to Amend the Complaint to add the alter-ego allegations. The alleged violation was settled out of court directly with the Debtor.