## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Compass Mechanical Services, Inc., | ) | Case No.: 09-47131 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Judge Eugene R. Wedoff |
| | ) | |

Board of Trustees of the Pipe Fitters Retirement Fund, Local 597;
Board of Trustees of the Pipe Fitters Welfare Fund, Local 597;
Board of Trustees of the Pipe Fitters Training Fund, Local 597;
Board of Trustees of the Chicago Area Mechanical Contracting Industry Improvement Trust;
Board of Trustees of the Pipe Fitters Individual Account and 401(k) Plan;
Board of Trustees of the Pipe Fitting Council of Greater Chicago;
The Pipe Fitters' Association, Local 597 U.A.;

                 Petitioners,

vs.

Compass Mechanical Services, Inc,

                 Respondent.

### AMENDED NOTICE OF MOTION:

TO: Compass Mechanical Services, Inc., 165 Easy St., Carol Stream, IL 60188
    Mr. Forrest Ingram, via U.S Bankruptcy Court's CM/ECF System
    Mr. Michael Ohlman, via U.S Bankruptcy Court's CM/ECF System
    Mr. William Neary, via U.S Bankruptcy Court's CM/ECF System
    See attached Service List.

  PLEASE TAKE NOTICE that on Tuesday, May 25, 2010, at 9:30 p.m., I appeared before the Honorable Eugene Wedoff, Courtroom No. 744, at the Everett McKinley Dirksen Building located at 219 South Dearborn Street, Chicago, Illinois, where I presented the attached **Motion to Convert Case to Chapter 7.** At the hearing, the Honorable Eugene Wedoff entered and continued the Motion to Convert Case to Chapter 7 until June 2, 2010 at 10:00 a.m. In addition, the Honorable Judge Wedoff set June 1, 2010 as the response date for the Debtor to respond to the Motion to Convert Case to Chapter 7.

                     **JOHNSON & KROL, LLC**

                     /s/ Jeffrey A. Krol - 6300262
                     One of Plaintiffs' Attorneys

Jeffrey A. Krol
**JOHNSON & KROL, LLC**

300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
312-372-8587

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 25, 2010, he served a copy of the above **Notice of Motion** and **Motion to Convert Case to Chapter 7** via e-mail to all parties by operation of the Court's electronic CM/ECF filing system or by regular U.S. Mail to anyone unable to accept electronic filing (listed on the Service List below) as indicated on the Notice of Electronic Filing.

**JOHNSON & KROL, LLC**

/s/ Jeffrey A. Krol - 6300262
One of Plaintiffs' Attorneys

**SERVICE LIST**

**VIA U.S. MAIL**

| | | |
|---|---|---|
| Aurora Tri-State<br>1080 Corporate Blvd<br>Aurora, Il 60502 | BTU Company<br>770 Pasquinelli Drive #414<br>Westmont, IL 60559 | Associated Equipment<br>1455 Brummel Ave #100<br>Elk Grove Village, IL 60007 |
| Bornquist, Inc.<br>7050 Lehigh Ave.<br>Chicago, IL 60646 | Brucker Company<br>PO Box 5940, Dept 20-1042<br>Carol Stream, Il 60197 | Baum, Sigman, Auerbach<br>200 W. Adams St #2200<br>Chicago, IL 60606 |
| Capital One<br>PO Box 60067<br>City of Industry, CA 91716 | Centimark<br>PO Box 360093<br>Pittsburgh, PA 15251 | Cambridge Engineering<br>P.O. Box 419161<br>Creve Coeur, MO 63141 |
| Delta-Therm<br>398 W. Liberty St<br>PO Box 345<br>Wauconda, IL 60084 | Department of Employment Security<br>33 S. State St, 10th Floor<br>Attn: Leviah Holt<br>Chicago, IL 60603 | Complete Balancing Services<br>4098 N. 525<br>W LaPorte, IN 46350 |
| EIP (Tamco Distributors)<br>2200 W. Higgins Rd, Ste 355<br>Hoffman Estates, Il 60169 | Encompass Technologies, LTD<br>2542 North Ridge Ave<br>Arlington Heights, IL 60004 | Dreisilker<br>36249 Treasury Center<br>Chicago, Il 60694 |
| Euler Hermes UMA<br>600 South 7th St<br>Louisville, KY 40201 | Excelsior<br>1846 Collection Center Dr<br>Chicago, Il 60693 | Enterprise Fleet Services<br>395 Roosevelt Road<br>Glen Ellyn, Il 60137 |
| Fed Ex<br>PO Box 94515<br>Palatine, IL 60094 | I.C.E., Inc.<br>305 Van Buren Road<br>Bolivar, TN 38008 | Ferguson Enterprises<br>1401 N. Cicero<br>Chicago, Il 60651 |
| Fluid Air Products<br>7535 Plaza Ct<br>Willowbrook, IL 60527 | Ford Motor Credit<br>PO Box 542000<br>Omaha, NE 68154 | Flood Steel Erectors<br>310 Reichert Rd<br>Wood Dale, Il 60191 |
| Hilti, Inc<br>PO Box 382002<br>Pittsburgh, PA 15250 | Home Depot Credit Services<br>Dept. 32 – 2003977950<br>PO Box 6029<br>The Lakes, NV 88901-6029 | Grainger<br>Dept. 865645873<br>Palatine, IL 60038 |
| Air Products<br>1555 Louis Avenue<br>Elk Grove Village, Il 60007 | | Filter Services Illinois<br>2555 United Lane<br>Elk Grove Village, IL 60007<br><br>IRS<br>2001 Butterfield Road<br>Downers Grove, Il 60515 |

3

Johnson Controls, Inc
PO Box 743743
Dallas, TX 75373

Lift Works
1130 Carolina, Unit F
West Chicago, Il 60185

MFH Associates
111 N. Canal/Lobby NW
Chicago, Il 60606
McClean Thermal Pentair
Dept. CH 14197
Palatine, IL 60055

Neopost, Inc
PO Box 45800
San Francisco, CA 94145

Outside Legal Counsel, LTD
2135 City Gate Lane, Ste: 300
Naperville, IL 60563

Pro Consulting Services, Inc.
PO Box 66510
Houston, TX 77266

Solomon & Leadley
320 E. Indian Trail #2
Aurora, IL 60505

Illinois Department of Employment Security
33 South State Street
Chicago, Illinois 60603

Attn: Bankruptcy Unit - 10th flr.
Johnstone Supply
145 Lively Blvd
Elk Grove Village, IL 60007

Lift-A-Loft
1122 Elizabeth Avenue
Waukegan, Il 60085

Marc Lichtman
150 N Wacker Drive
Chicago, IL 60606

Messer & Stilp
166 W. Washington #300
Chicago, IL 60602

Newmark Consruction
PO Box 388703
Chicago, Illinois 60638
Receivables Control Corp.
7373 Kirkwood Ct #200
Minneapolis, MN 55440

Illinois Dept of Revenue
Bankruptcy Section Level 7-425
100 W. Randolph St.
Chicago, Il 60606

Liebert Corporation
1050 Dearborn Drive
Columbus, OH 43085

Loel Cardis, LLC
2006 Swede Rd #100
Norristown, PA 19401

Master Solutions
1236 Highland Ave, Ste 2C
Lombard, Il 60148

Moving On Up
706 Bonded Pkwy
Streamwood, Il 60107

Nicor
PO Box 0632
Aurora, Il 60507

Sheet Metal Workers' Int'l Assn., Local Union 265
c/o Jennifer L. Dunitz-Geiringer
Baum Sigman Auerbach & Neuman, Ltd.
200 W. Adams Street, Suite 2200
Chicago, IL 60606-5231

4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Compass Mechanical Services, Inc., | ) | Case No.: 09-47131 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Judge Eugene R. Wedoff |
| | ) | |

Board of Trustees of the Pipe Fitters Retirement Fund, Local 597;
Board of Trustees of the Pipe Fitters Welfare Fund, Local 597;
Board of Trustees of the Pipe Fitters Training Fund, Local 597;
Board of Trustees of the Chicago Area Mechanical Contracting Industry Improvement Trust;
Board of Trustees of the Pipe Fitters Individual Account and 401(k) Plan;
Board of Trustees of the Pipe Fitting Council of Greater Chicago;
The Pipe Fitters' Association, Local 597 U.A.;

                                                                                          Petitioners,

    vs.

Compass Mechanical Services, Inc,

                                                                                          Respondent.

## AMENDED MOTION TO CONVERT CASE TO CHAPTER 7

NOW COMES the Board of Trustees of the Pipe Fitters Retirement Fund, Local 597; the Board of Trustees of the Pipe Fitters Welfare Fund, Local 597; the Board of Trustees of the Pipe Fitters Training Fund, Local 597; the Board of Trustees of the Chicago Area Mechanical Contracting Industry Improvement Trust; the Board of Trustees of the Pipe Fitters Individual Account and 401(k) Plan; the Board of Trustees of the Pipe Fitting Council of Greater Chicago; and The Pipe Fitters' Association, Local 597 U.A. (collectively referred to as "Local 597" or "Petitioners"), by and through their attorneys JOHNSON & KROL, LLC, and provide this Response In Opposition to Debtor's Second Motion to Extend Time to File Chapter 11 Plan and Disclosure Statement. Petitioners further move this Honorable Court to convert this case to Chapter 7 due to the gross mismanagement of the estate and misconduct by the Debtor. In support the Petitioners state as follows:

5

## I. PROCEDURAL HISTORY

On December 14, 2009, COMPASS filed its voluntary petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code. On February 24, 2010, this Court granted the Debtor COMPASS MECHANICAL SERVICES, INC. ("COMPASS") an extension to file the Disclosure and Statement Plan and reset the due date to May 17, 2010. On May 13, 2010, COMPASS again requested that the Court extend the time for COMPASS to file the Chapter 11 Plan and Disclosure Statement until July 26, 2010.

## II. ARGUMENT

A. **THIS CASE SHOULD BE CONVERTED TO CHAPTER 7 BECAUSE OF GROSS MISMANAGEMENT OF THE ESTATE, DEBTOR'S FAILURE TO FILE PLAN WITHIN TIME FIXED BY ORDER OF COURT AND BAD FAITH ON BEHALF OF THE PRINCIPAL OFFICER, MICHAEL WOJCIECHOWSKI.**

This Honorable Court should Convert this Case to Chapter pursuant to 11 U.S.C. § 1112(b)(1) because the Debtor's Estate has been mismanaged, the Debtor has failed to file a plan within the time fixed by Order of Court and Debtor's principal officer has acted in bad faith throughout this bankruptcy proceeding. Section 1112(b)(1) of the Bankruptcy Code states that

> on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause. 11 U.S.C. § 1121(b)(1).

Section 1121(b)(4) provides a laundry list of causes to convert a Chapter 11 case to Chapter 7, including "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," "gross mismanagement of the estate," "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of

6

the court" and "failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief." 11 U.S.C. § 1112(b)(4).

> **1. This case should be converted to a Chapter 7 based on Debtor's gross mismanagement of the estate and failure to pay its required income taxes.**

In the matter at hand, the Debtor has grossly mismanaged the Estate. Based on the information provided in the Small Business Monthly Operating Report, Michael Wojciechowski is earning $10,500.00 per month in salary, which is $2,166.66 more in monthly income than he was earning prior to the Bankruptcy filing. *See* Docket Entry No. 99 – "Small Business Monthly Operating Report for February 2010" and Docket Entry No. 105 – "Small Business Monthly Operating Reports for March 2010." Meanwhile, while the Principal Officer of the Debtor is receiving a raise the creditors of the Debtor remain unpaid. As shown in the Small Business Monthly Operating reports, the Debtor has failed to pay the January 2010 fringe benefits to both the Petitioners and the Sheet Metal Workers National Pension Fund. *See id.* Additionally, the Debtor has accrued over $1,000.00 in overdraft fees since the filing of the Chapter 11. *See id.* $1,000.00 in unnecessarily incurred charges is not an indication of a properly managed entity.

Furthermore, it appears that the Debtor is sitting on many unpaid invoices to UBM Mechanical Services, *See id.* It is important to note that Wojciechowski is a member of One Source United Mechanical, LLC d/b/a UBM Mechanical Services. In addition, it is likely that the Debtor will assert that the majority of these debts are entitled to administrative priority. At first glance, it appears that Wojciechowski may be incurring the debts to UBM Mechanical Services simply to receive additional compensation upon the eventual conversion to Chapter 7.

Moreover, pursuant to the Debtor's Small Business Monthly Operating Reports for March 2010, the Debtor has over $28,000.00 in expenses that are overdue, and approximately $13,000.00 that are overdue by more than 30 days. *See id.* It is clear that the mismanagement that caused the Debtor financial distress prior to bankruptcy has continued post-petition. The

7

continuance of this charade is not in the best interests of the creditors. This Court should convert the Debtor's case to Chapter 7 because the overwhelming evidence reveals that the Debtor is grossly mismanaged.

Finally, as is revealed by the Debtor's Small Business Monthly Operating Reports for March 2010, the Debtor has not made payments that were due on April 28, 2010 to the IRS for quarterly income taxes. Under 11 U.S.C. § 1112(b)(4), the Debtor's failure to pay its income taxes is yet another reason that there is cause for this Court to convert the Debtor's case to Chapter 7.

**2. The Continued diminution of the estate along with the Debtors failure to file its Plan and Disclosure Statements are further evidence that this matter should be converted to a Chapter 7.**

Section 1121(b)(4) also provides that a Chapter 11 can be converted to a case to Chapter 7, based on a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation,"…as well as the "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court." A review of this matter shows both the diminishment of the estate and Debtor's failure to file a plan within the time fixed by the Court.

The Debtor's Monthly Operating Reports have shown that the estate is slowly diminishing in value and there is no likelihood of rehabilitation. As was stated above, the Debtor has over $28,000.00 in expenses that are overdue, which is $7,000.00 more than what the Debtor reported in February 2010. *See id.* The estate is overcome with post-petition liabilities that are not being paid in a timely manner.[2] The post-petition liabilities are further diminishing the value of the estate to the Creditors because they would likely be treated as administrative expenses.

---

[2] The Debtor may owe additional money to the Petitioners for each hour of pipe fitting work performed by the Debtor's employees. The Debtor has not submitted contribution reports to the Petitioners since January and is likely still performing pipe fitting work.

8

Further, the Debtor has not shown its ability to rehabilitate because it increased the number of unpaid liabilities by 33% within one month. *See id.*

As is clear by the Debtor's motion to extend time to file Chapter 11 Plan and Disclosure Statement, the Debtor has not met the Court's fixed deadline to file a Plan and let the deadline pass prior to appearing before the Court to present its motion. The failure to follow the Court's fixed deadline is sufficient cause for this Court to convert the Debtor's case to Chapter 7.

Finally, a cursory review of the Monthly Operating Reports reveals not only mismanagement on the part of Wojciechowski but also possibly bad faith. There are two people who are benefiting from this reorganization, the Debtor's attorneys and Wojciechowski. As was stated above, Wojciechowski is earning $10,500.00 per month for operating a company that is not turning a profit nor has any possibility of it. In addition, much of the business that is done by the Debtor is transacted with One Source United Mechanical, LLC d/b/a UBM Mechanical Services, a company in which Wojciechowski is a Member. It appears that while the creditors suffer, Wojciechowski is turning a large profit both from the Debtor and from the related entities.

Accordingly, based on the foregoing it is clear that this Court should convert the Debtor's case to Chapter 7.

WHERFORE, this Court should convert the Debtor's case to Chapter 7.

Respectfully submitted,

**JOHNSON & KROL, LLC**

/s/ Jeffrey A. Krol - 6300262
One of Plaintiffs' Attorneys

Jeffrey A. Krol
**JOHNSON & KROL, LLC**
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
312-372-8587

9