**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Compass Mechanical Services, Inc. | ) | Case No. 09-47131 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Judge Eugene R. Wedoff |
| | ) | |
| | ) | |

**DEBTOR'S RESPONSE TO LOCAL 597's MOTION TO CONVERT**

Now Comes the Debtor and Debtor in Possession, COMPASS MECHANICAL SERVICES, INC. ("Debtor"), by and through its attorneys, FORREST L. INGRAM, P.C., and in Response to Local 597's Motion to Convert, the Debtor states as follows:

PROCEDURAL HISTORY

Compass Mechanical Services, Inc., (hereinafter, "Compass" or "Debtor") filed its chapter 11 bankruptcy case with the designation that it is a "small business" on December 14, 2009. When the petition was filed the Court entered an order setting the deadline to file the Debtor's Disclosure Statement and Plan as March 3, 2010. Since filing its petition the Debtor has complied with all of this Court's orders and conformed to the requirements as set forth in chapter 11 of the United States Code.

On February 24, 2010, the Debtor was granted an extension to file the Disclosure Statement and Plan ("DS&P"). In an attempt to meet the May 17, 2010 deadline, the Debtor negotiated with its largest secured creditor and restructured the terms of its ongoing credit agreements; negotiated with vendors and suppliers in efforts to cut costs; entered into negotiations with the IRS; and attempted to negotiate with unions that Compass is a signatory with mixed results.  In

the midst of drafting its DS&P, the president of the Debtor left the company. This and a number of other unexpected internal issues required the Debtor to drastically modify the DS&P.

As a response to the Debtor's motion for an extension, Board of Trustees of the Pipe Fitters Retirement Fund, Local 597; Board of Trustees of the Pipe Fitters Welfare Fund, Local 597; Board of Trustees of the Pipe Fitters Individual Account and 401(k) Plan; Board of Trustees of the Pipe Fitters Council of Greater Chicago; Board of Trustees of the Chicago Area Mechanical Contracting Industry Improvement Trust; The Pipe Fitters' Association, Local 597 U.A. (hereinafter referred to as "Local 597") filed a motion to convert this case to a chapter 7 liquidation plan. Local 597 filed its motion on May 20, 2010 and set the matter for a hearing on May 25, 2010. The Debtor filed a motion to strike Local 597's motion for failing to send notice via mail to all parties at least 21-days prior to the hearing without a motion seeking to shorten the period. *See Fed. R. Bankr. P. 2002(a)(4)* (hereinafter, "Rule 2002(a)(4)").

At the May 25, 2010 hearing the Court heard Local 597's motion to convert and denied the Debtor's motion to strike. The Court also entered and continued Local 597's motion to convert and required Local 597 to serve all creditors as required by Rule 2002(a)(4). Finally, the Court granted the Debtor an extension to file its DS&P until June 25, 2010.

    A.    THIS HONORABLE COURT SHOULD STRIKE LOCAL 597's MOTION TO CONVERT FOR FAILING TO NOTIFY REQUIRED PARTIES AS REQUIRED BY RULE 2002 AND AFTER THE COURT DIRECTED IT TO DO SO

On May 20, 2010 Local 597 brought its Motion to Convert the Debtor's chapter 11 reorganization to a chapter 7 liquidation plan. The Motion to Convert gave the Debtor three business days notice. *See Docket Nos. 108*. Local 597's motion was filed and delivered through ECF notice to the Trustee's office and the Debtor, only. No other creditors were sent notice of the hearing. *Id.*

2

At the May 25, 2010 hearing on the Debtor's Motion for an Extension, Local 597's Motion to Convert and the Debtor's Motion to Strike (hereinafter referred to as " Hearing") the Court heard brief arguments on Local 597's motion. Even though Local 597 did not request a waiver of the notice requirements contained in Rule 2002, the Court did not strike the Debtor's motion. Instead, the Court ordered Local 597 to notify all parties entitled to service that its motion would be heard on Wednesday June 2, 2010 at 10:00 a.m. Local 597 has still not prepared a motion to waive the notice periods. Due to Local 597's, failure to comply with the Court's directive the Debtor seeks to have their motion stricken once again.

In a chapter 11 case, a party in interest may move to have the matter converted to a chapter 7 case "after notice and a hearing." 11 U.S.C. § 1112(b). In preparing a motion, the movant must follow the notice requirements found in Bankruptcy Rule 2002(a)(4). Bankruptcy Rule 2002(a)(4) states:

> [T]he clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . in a chapter 7 liquidation, a chapter 11 reorganization case, or a chapter 12 family farmer debt adjustment case, the hearing on the dismissal of the case or the conversion of the case to another chapter . . .

Fed. R. Bankr. P. 2002(a)(4) (2010) (hereinafter, "Rule 2002").

After being ordered by the Court to conform its motion to Rule 2002, Local 597 has not provided service to the Trustee, Debtor and "all creditors" as is required. Instead, of providing notice of the hearing on June 2, 2010, Local 597 re-filed its "Motion to Convert the Case to Chapter 7" as an "Amended Motion to Convert Case to Chapter 7". *See Docket No. 118.* Since the document is substantially different from Local 597's "Motion to Convert the Case to Chapter 7" and the Clerk entered a corrective entry requesting Local 597 to amend its Motion, the Debtor

3

is unsure as to the what is properly before the Court. *See Docket No. 119*, *also Compare Docket No. 108 with Docket No. 118*.

Even still, Local 597 did not substantially conform to Rule 2002. Local 597 has still neglected to send notice to "the debtor, the trustee, all creditors and indenture trustees … notice by mail." Fed. R. Bankr. P. 2002(a)(4) (2010). Even after being instructed to do so, Local 597 did not mail its notice to convert to the Debtor's largest secured creditor, West Suburban Bank, or many of Compass' unsecured creditors. *See Docket No. 118.* Since Local 597's motion to convert still does not conform to the Bankruptcy Rules their motion should be stricken in its entirety.

WHEREFORE, Compass Mechanical Services, Inc. respectfully requests that this Honorable Court strike Local 597's Motion to Convert for failing to conform to the notice requirements found in the Bankruptcy Rules. The Debtor also prays for such other and further relief as this court may deem equitable and just.

> B. WITHOUT WAIVING THE OBJECTIONS ABOVE, LOCAL 597's MOTION TO CONVERT SHOULD NOT BE GRANTED BECAUSE ITS CLAIMS LACK ANY INVESTIGATION OR INQUIRY AND DO NOT REFLECT COMPASS' CURRENT CIRCUMSTANCES

Local 597's Motion to Convert is filled with false accusations and assertions without a shred of support from the filings or the Bankruptcy Code, as has been its habit since its entry in this matter. Local 597's Motion relies entirely on data that is "cherry-picked" from operating reports and it uses only the most damning information while misrepresenting or misstating information if it can support its aims. Counsel for the Debtor has made it clear that they are available for any questions Local 597 may have about the Debtor's schedules or continued operations but Local 597 would rather bring baseless motions instead of exercising the civility

4

fostered by the Seventh Circuit.    Local 597's practices are a clear violation of Rule 11 of the Federal Rules of Civil Procedure and Federal Rule of Bankruptcy Procedure 9011.

As instructed by the Court, Debtor will answer to each of the allegations contained in Local 597's Motion to Convert.  In so answering the Debtor states:[1]

1)    *Local 597 Has Not Presented Any Evidence that Compass Failed to pay any Post-Petition Income Taxes.*

Under Heading B, Section 1, Local 597 states that "the case should be converted to a Chapter 7 based on the Debtor's gross mismanagement of the estate and failure to pay its required income taxes." *See Local 597's Motion to Convert, Docket No 108*.  This statement is wholly inaccurate and there is no evidence filed by Local 597 or the Debtor to support it.   Local 597 states: "as is revealed by the Debtor's Small Business Monthly Operating Reports for *March 2010*, the Debtor has not made payments that were due on *April 28, 2010* to the IRS for quarterly income taxes." *Id at 8* (emphasis added).  As the Court knows, no debtor can be delinquent in March 2010 for a payment due to the IRS in April 2010.  Further supporting the Debtor's position, a representative of Compass affirmed under penalty of perjury that there are no "past due tax returns or past due post-petition tax obligations." *See Exhibit D, March Operating Report*, 2 "TAXES".  If Local 597 representatives had read the line that states "Due Date" or had conducted even a cursory investigation or inquiry, they would have come to the only possible conclusion – Compass does not owe the IRS money for delinquent post-petition income taxes.  As was stated earlier, counsel for Compass has made themselves available to Local 597's counsel when any issues or questions arose.  If counsel for Local 597 had sent an email or made

---

[1] The only evidence Local 597 uses in support of its motion to convert is from the operating reports filed by the Debtor.  Since the Debtor relies upon them, it attaches them hereto as: Exhibit A, December Operating Report; Exhibit B, January Operating Report; Exhibit C, February Operating Report; Exhibit D, March Operating Report.

5

a phone call to Debtor's counsel, this frivolous motion would have been avoided. Instead, Local 597 brought this motion to further harass the Debtor and to drain its resources, thus prejudicing all creditors.

> 2) *Local 597 Has Not Presented Any Evidence that Compass Has Utilized Any Services of UBM Mechanical Services, LLC During the Pendency of the Bankruptcy and Mike Wojciechowski is Not a Member of Any LLC That Controls the Same.*

Local 597 has wrongly asserted that this matter should be converted to a chapter 7 because "the Debtor is sitting on many unpaid invoices to UBM Mechanical Services, *See id* [sic]." *Local 597's Motion to Convert, Docket No 108 at 8*. Again, Local 597's counsel makes this assertion without conducting a reasonable inquiry and without attaching any evidentiary foundation for the false allegation.

The Debtor has been unable to locate any evidence that would allow Local 597 to believe that there are unpaid post-petition invoices to UBM. The "Accounts Payable" document attached to the March 2010 operating report does not reference UBM. The only reference to UBM in any document filed by the Debtor is contained in a section of the operating report labeled "Invoice Aging Report (sorted by Customer Number)". *Exhibit D, March Operating Report at 11*. After glancing at this report it becomes apparent that UBM Mechanical Services (hereinafter, "UBM") *owes the Debtor* $15,719.00, not that Compass owes UBM any post-petition amounts at all. *Id. at 11 – 12*. Again, Local 597's lack of due inquiry and diligence before filing its motion is causing the Debtor to expend additional resources to respond to frivolous charges that are obviously false.

Local 597 attacks the principal of the Debtor with unsupported allegations in stating that Local 597 has "uncovered information that would likely lead to the liability of Debtor's Principal." *Local 597's Motion to Convert, Docket No 108 at 6*. Local 597 has apparently not

6

found it convenient to share with the Debtor or the Court the evidentiary basis of such an allegation. Instead, Local 597 simply states:

> It is important to note that Wojciechowski is a member of One Source United Mechanical, LLC d/b/a UMB Mechanical Services. In addition, it is likely that the Debtor will assert that the majority of these debts are entitled to administrative priority. At first glance, it appears that Wojciechowski may be incurring the debts to UBM Mechanical Services simply to receive additional compensation upon the eventual conversion to Chapter 7.

*See id. at 8.* This spurious assertion has no merit whatsoever. The innuendo that the Debtor's principal is involved in Bankruptcy Fraud with One Source United Mechanical, LLC is not only false, but it is libelous. Mike Wojciechowski is not, nor ever has been a member of One Source United Mechanical, LLC. *See Affidavit of Mike Wojciechowski attached hereto as Exhibit E.* After Local 597 made this allegation, counsel for the Debtor reviewed the Illinois Secretary of State's LLC Search website and quickly and easily found that there are only two members of One Source United Mechanical, LLC, neither of which is Mike Wojciechowski. *See Exhibit F.* There is no way Debtor can read this allegation except as a misstatement to the Court in an effort to prejudice the Court against the Debtor and its principal.

To make such accusations without any proof or any foundation in fact should not go without notice. The Court should order Local 597 to disclose the source of this defamatory statement and show cause as to why they should not be held in contempt for submitting and later advocating a position without any factual or evidentiary support. *See Fed. R. of Civ. P. 11 and Fed. R. Bankr. P. 9011*.

> 3)   *The Debtor's Business Is Entering Its Busy Cycle and Has Demonstrated in March and April That It Remains a Profitable Entity*

It is unclear where Local 597 got any of its information upon which it concludes that "Compass has not demonstrated that it will have sufficient income to pay off any of its creditors

7

under a Plan" and "the estate is slowly diminishing in value and there is no likelihood of rehabilitation…" *Local 597's Motion to Convert, Docket No 108 at 5, 9.* Local 597 correctly pointed out that the Debtor's operating reports showed a loss for January and February. But the Debtor's business is cyclical and profits fluctuate throughout the course of the year. Once the Debtor entered its "busy season," the balances on the balance sheets turned upward and the Debtor has shown a cumulative profit of $22,268.84 since February. *See Exhibits D, March 2010 and Exhibit H, March 2010 operating reports.* Local 597 is aware of these fluctuations from its years of previous dealings with the Debtor and the testimony of Mike Wojciechowski at the § 341 conference.

Also included in Local 597's argument is that the March 2010 Operating Report shows that the Debtor's Accounts Payable are delinquent by $28,659.24. Again, Local 597 filed a motion instead of communicating with Debtor's counsel. The accounts payable report shows an overview of outstanding bills regardless of any set-offs, payment terms, negotiations and disputes. Also, it seems that Local 597 did not review the "DUE DATE" column because it clearly shows that some of those bills did not come due until after March 2010, the last report Local 597 cited to. Again, Local 597's allegations are not supported by any document and instead are brought without any investigation or evidence but only to harass. *See Fed. R. Bankr. P. 9011 and Fed. R. Civ. P. 11.*

    4)    *The Principal for Compass Mechanical Has Not Received Any Raises or Additional Remuneration as Alleged by Local 597*

The president of the Debtor recently left the corporation, leaving Mike Wojciechowski as the sole owner of Compass Mechanical. Even in the face of added responsibilities and work-load, Mr. Wojciechowski did not earn a salary over and above his pre-petition salary. Local 597 states without any proof or inquiry that: "Wojciechowski is earning $10,500.00 per month in

8

salary, which is $2,166.66 more in monthly income than he was earning prior to the Bankruptcy filing." This is simply not true. As was explained in the § 341 conference, in which Local 597 participated, the principals of Local 597 take a salary and share in the dividends of the Debtor as compensation. Due to the business cycles it has become customary that the principals will take a larger ratio of their annual compensation during the busy months because they must forego taking a paycheck during in slower months. *See Exhibit E.*

> 5) *Local 597 Unjustly Alleges Without Evidence or Documentation that the Debtor Has Failed to Pay the January 2010 Fringe Benefits to the Petitioners and the Sheet Metal Workers National Pension Fund.*

Using the February and March operating report as its only evidentiary support, Local 597 claims that this matter should be converted because the Debtor has failed to pay post-petition fringe benefits owed to it and the Sheet Metal Workers National Pension Fund (hereinafter, "Local 265").[2] Again, this allegation is inconsistent with the Debtor's operating reports, the sole document Local 597 relies upon for support. The February operating report does show an outstanding payment due to Local 265 in the amount of $433.55, but the March report shows that the invoice was paid with check number 8147, not that it was still in arrears as alleged by Local 597. *Contrast Exhibit C, February 2010 Operating Report at 6, "A/P Bills" with Exhibit D, March 2010 Operating Report at 7 "Income and Expenses All Transactions" Check No 8147.* The Debtor also paid all reported dues owed to Local 597 in an almost identical entry in the March 2010 operating report.[3] *Id. Check No. 8146.* Local 597 has not pointed to any evidence

---

[2] It bears mentioning that Local 265 has not joined in Local 597's motion to convert and has not contacted counsel for the Debtor related to any unpaid amounts. Debtor's counsel has made repeated attempts to contact Local 265's attorneys to validate that any and all amounts have been paid but without response.

[3] It is important to note that in drafting this motion the Debtor ran a thorough audit of all amounts due and owing to its Unions and found that Local 597 was owed additional fees that it

9

showing that the Debtor failed to pay any of its post-petition obligations to its workers or union partners.

Finally, Local 597, again without any documentation or support, claims that the Debtor "may owe additional money to [Local 597] for each hour of pipe fitting work performed by the Debtor's employees. The debtor has not submitted contribution reports to [Local 597] since January and is likely still performing pipe fitting work." *Local 597's Motion to Convert, Docket No 108 at 9.* This allegation is contradicted by the evidence. Compass transmitted its contribution reports to Local 597 for January, February, and March in direct conflict to what they allege. *See Group Exhibit G, Contribution Reports Sent to Local 597.* The only explanation for Local 597 to claim they did not receive the reports is because Compass correctly indicated that no Local 597 members have been employed by the Debtor since January 14, 2010. Moreover, the Debtor disagrees that any "pipe fitting work" covered under Local 597's "jurisdiction" is taking place. This specious assertion to the Court that was intended to prejudice Compass in this matter is without foundation or evidence and should be dealt with pursuant to *Fed. R. Bankr. P. 9011* and *Fed. R. Civ. P.* 11.

WHEREFORE, the Debtor respectfully moves this Honorable Court to Deny Local 597's Motion to Convert in its entirety, to order Local 597 to disclose the source and documentation it relied upon in making the allegations contained in its motion, to order Local 597 to show cause as to why they should not be held in contempt for submitting and later advocating positions without any factual or evidentiary support, to grant the Debtor leave to file a petition for fees against Local 597 for having to defend against this false and frivolous motion and for such further relief as is deemed equitable and just.

---

never requested. The Debtor immediately self-reported this to Local 597 and sent full payment.
The Debtor has no post-petition overdue balances.

        Respectfully submitted,
        COMPASS MECHANICAL SERVICES, INC.

        By:    <u>/s/ Michael V. Ohlman</u>
                One of their attorneys

Forrest L. Ingram , #3129032
Michael V. Ohlman #6294512
Phil Groben #6299914
FORREST L. INGRAM, P.C.
79 West Monroe Street, Suite 900
Chicago, IL 60603-4907
(312) 759-2838

11